Argued October 8, affirmed November 17, 1965

# VON POPPENHEIM v. PORTLAND BOXING AND WRESTLING COMMISSION

407 P. 2d 853

*Adelbert G. Clostermann,* Portland, argued the cause and filed a brief for appellant.

*Emory J. Crofoot,* Deputy City Attorney, Portland,

argued the cause for respondent. With him on the brief was Alexander L. Brown, City Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

The plaintiff applied to the Portland Boxing Commission for a license to act as a promoter of wrestling matches within the city. The commission denied the license, and the plaintiff sought a mandatory injunction to compel the commission to issue him a license. The trial court dismissed the complaint and the plaintiff appeals.

The defendant commission had, at all material times, authority to appoint one or more matchmakers to perform whatever services might be necessary in supplying Portland audiences with boxing matches. ORS 463.140. The licensing of wrestling matches was mentioned only incidentally. See ORS 463.120. There was, prior to this year, no statutory provision for either the appointment or the licensing of wrestling promoters or matchmakers.

After this suit was dismissed in the trial court, Oregon Laws 1965, ch 200, became effective.

The appropriate section, ORS 463.140 (1), as amended, reads:

> "The commission shall appoint one or more competent matchmakers who shall arrange boxing matches, and one or more matchmakers who shall arrange wrestling matches. A matchmaker shall be compensated for his services by the commission with such compensation as the commission deems reasonable."

██ The foregoing statute appears to vest in the commission a wide discretion in the appointment of matchmakers. The plaintiff's application to this court for mandatory relief must necessarily be governed by the law as it exists at this time.

Construed under the present law, the plaintiff's complaint amounts to nothing more than the assertion that he sought employment as a matchmaker and was not given such employment. He then draws a number of legal conclusions, one of which is expressed in a recital that, in declining to engage his services, the commission acted arbitrarily and capriciously.

For all that appears in the complaint, the commission treated the plaintiff as it would any other applicant for a job as a wrestling matchmaker. The plaintiff now demands employment, and asks the aid of the courts by way of mandatory injunction to compel the commission to employ him. We doubt that it was the legislature's intent to substitute an individual applicant's discretion for that of the commission in this matter. It is likewise not an appropriate function of the courts, on the record now before us, to tell the commission which matchmakers it should employ.

Affirmed.