Argued December 1, reversed and remanded December 23, 1970

# GABEL, *Appellant, v.* TIME INSURANCE
# COMPANY, *Respondent.*

### 478 P2d 368

*Larry J. Anderson,* Eugene, argued the cause for

appellant. With him on the brief were O'Reilly, Anderson & Richmond.

*Joe B. Richards,* Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE,* HOWELL and BRYSON, Justices.

## O'CONNELL, C. J.

Plaintiff brought this action to recover benefits under a policy of insurance issued by defendant covering loss resulting from accidental bodily injury. Plaintiff appeals from a judgment on a verdict in favor of defendant.

Plaintiff injured his back as a result of a fall from the roof of a house. He sought recovery from defendant under its policy for disability resulting from this injury.

Defendant interposed an affirmative defense, alleging that plaintiff had represented in his application for insurance that he had not had any disease or disorder of the circulatory system when in fact he was, at that time, afflicted with Buerger's Disease (which is a circulatory disease). It was further alleged that this misrepresentation was relied upon by defendant and that it was material to the issuance of the policy.

Plaintiff's reply set up an estoppel against defendant, alleging that the application form was filled out by defendant's agent and that although plaintiff made a full disclosure of his disease to defendant's

---

* Tongue, J., did not participate in this decision.

agent, the latter inserted the incorrect answer after representing to plaintiff that the information sought by the question was irrelevant under the circumstances.

The trial court, relying upon *Comer v. World Insurance Co.*, 212 Or 105, 318 P2d 916 (1957), sustained defendant's demurrer to the reply.[1] The case was submitted to the jury on the issue of materiality and the jury brought back a verdict for defendant.

After this case was tried and appealed, we overruled *Comer v. World Insurance Co.*, *supra*, in *Bunn v. Monarch Insurance Co.*, 257 Or 409, 478 P2d 363 (1970).

Since the issue of estoppel was not resolved in the trial of this case, the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.

---

[1] *Comer v. World Insurance Co.*, *supra*, held that an insured has the duty to read the application when it is returned to him with the policy and that he is bound by the material misrepresentations in the application.