Argued November 6, reversed November 24, 1972, petition
for rehearing denied January 23, 1973

FOLEY, *Appellant, v.* PITTENGER, *Respondent.*

503 P2d 476

*Alonzo P. Stiner,* Portland, argued the cause for

appellant. With him on the briefs were Veatch, Lovett & Stiner and Gary W. Lindberg, Portland.

*John S. Marandas,* Portland, argued the cause for respondent. With him on the briefs were Harvey W. Keller and Martin Schedler, Portland.

TONGUE, J.

This is an action for criminal conversation. Plaintiff is an executive for a large corporation and had been transferred to its home office in New York, at a substantial increase in salary, but to the displeasure of his wife. Defendant is a doctor who had been consulted for treatment by both plaintiff and his wife and who admitted intercourse with plaintiff's wife on two occasions. Plaintiff testified that upon learning of such conduct he left his position with the corporation and returned to Oregon in an unsuccessful attempt to save his marriage and at considerable expense. He also testified that the effect upon him was "totally shattering" and that he had not recovered two years later at the time of trial.

In apparent belief of plaintiff's testimony, and in apparent disbelief of other evidence which, if believed, seriously impeached and discredited that testimony the jury returned a verdict of $100,000 against defendant. The trial judge set that verdict aside and granted a new trial upon the sole ground of "* * * excessive damages, appearing to have been given under the influence of passion and prejudice * * *." Plaintiff appeals.

In 1910 the voters of Oregon adopted Art VII, § 3, as an amendment to the Constitution of Oregon, to provide that "* . * * no fact tried by a jury shall be

otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

In *Van Lom v. Schneiderman,* 187 Or 89, 210 P2d 461 (1949), this court (at 95-96) rejected the contention (as also made in this case) that in an action for damages a jury verdict may be set aside and a new trial granted " 'if there is no evidence to support the verdict in its entirety, although there may be some substantial evidence that the plaintiff was damaged to some extent less than the amount of the verdict.' "

■ In that case this court also (at 105-106) held that neither a trial court nor this court could properly set aside the verdict for damages in that case on the ground of excessive damages appearing to have been given under the influence of passion and prejudice, as provided by ORS 17.610 (and as held by the trial judge in this case) because the court could not say in that case "either from the size of the verdict itself or from any incident of the trial, that the damages were given under the influence of prejudice and passion." We have examined the record in this case and reach the same conclusion.

We are also unable to distinguish between application of the requirements of Art VII, § 3, to a jury verdict for damages in an action for criminal conversation and a jury verdict for damages in an action for assault and battery or in an action for personal injuries. In some states actions for both criminal conversation and alienation of affections have been abolished. In Oregon, however, both actions are still recognized and defendant makes no contention to the contrary.

■ For these reasons, we reverse the judgment of

the trial court and remand this case for reinstatement
of the jury verdict.①

---

① We also reject defendant's contention that to refuse his re-
quest to set aside this jury verdict because of. Art VII, § 3 of the
Oregon Constitution would violate his rights under the Constitu-
tion of the United States by denying his right to a fair trial and
by approving the taking of his property without due process of
law.

We have also considered the assignments of error as set forth
in defendant's brief and cross-appeal, based upon various rulings
made by the trial judge during the course of the trial, and find
that the trial judge did not err in denying defendant's alternative
motion for a new trial based upon such grounds.