Argued May 5, affirmed July 17, 1975

# BROWN, *Respondent, v.* VOGT, *Appellant.*

538 P2d 362

*William M. Holmes,* Bend, argued the cause for appellant. With him on the brief were Robert S. Lovlien and Gray, Fancher, Holmes & Hurley, and Williver, Forcum & Nillson, and Richard E. Forcum, Bend.

*Roy Kilpatrick,* John Day, argued the cause for respondent. With him on the brief were Thomas A. Davis, Portland, and Milo W. Pope, Milton-Freewater.

TONGUE, J.

This is an action for criminal conversation. The jury returned a verdict in favor of the plaintiff in the sum of $100,000.[1] Defendant appeals from the resulting judgment.

No useful purpose would be served by a summary of the facts and it is not contended that plaintiff

---

[1] Plaintiff's complaint also alleged a separate cause of action for alienation of affections. The jury returned a verdict in favor of the defendant on that cause of action.

failed to prove facts sufficient to establish the tort of criminal conversation. Indeed, defendant admitted intercourse with plaintiff's wife.

■ Defendant contends, however, that the trial court erred in failing to sustain his demurrer to the complaint upon the ground that the tort of criminal conversation should be abolished. In support of that position defendant contends that the tort of criminal conversation is based upon adulterous conduct and that at the time of the "incidents" involved in this case the crime of adultery had been abolished by the 1971 Oregon Legislature,[2] with the result that "an essential element" of that tort is missing in this case. Defendant contends that, as a result, there is no longer any "rational basis" for the tort of criminal conversation in Oregon and that it should be abolished by the decision of this court.

In overruling defendant's demurrer the trial court reasoned, to the contrary, that by repealing the criminal penalty for adultery the Oregon legislature "intended to do no more than to decriminalize the behavior and did not intend thereby to deprive a person of the cause of action in tort for criminal conversation."

Subsequent to the trial of this case and the argument of this appeal the 1975 Oregon Legislature abolished the tort of criminal conversation, as well as that of alienation of affections, but in doing so expressly provided that "Sections 1 and 2 of this Act [abolishing these two torts] shall not apply to any actions commenced before the effective date of this Act."[3] It also appears that the 1973 Oregon Legisla-

---

[2] Oregon Laws 1971, ch 743.

[3] House Bill 2616, Oregon Laws 1975, ch 562, as adopted by the 1975 Oregon Legislature, becomes effective September 13, 1975.

ture declined to enact a proposed bill that would have abolished both torts at that time.[4]

Under these circumstances, we are of the opinion that this court should abide by the action taken by the Oregon legislature which has, in effect, preserved the tort of criminal conversation during the period of the "incidents" involved in this case, although abolishing it prospectively after the effective date of the 1975 statute.

■ Defendant also assigns as error the failure of the trial court to strike allegations of plaintiff's complaint asking for punitive damages upon the ground that "the justification for punitive damages, detriment of violations of significant societal interests, is no longer applicable to the tort of criminal conversation."

Although this court has not previously passed directly upon this question in an action for criminal conversation, it has held that punitive damages may be recovered in an action for alienation of affections. *Coates v. Slusher*, 109 Or 612, 631, 222 P 311 (1924).[5] Also, according to an annotation in 31 ALR2d 713, 717-18, 725 (1953), it has been generally held in the United States that punitive damages are recoverable in actions for criminal conversation, as well as in actions for alienation of affections.

The tort of criminal conversation involves many of the same elements as that of alienation of affections insofar as the question of punitive damages is concerned. Both torts have, in effect, been preserved by the legislature during the period of time involved in this case, although abolished for the purposes of all

---

[4] Senate Bill 153, 1973. See also *Foley v. Pittenger*, 264 Or 310, 503 P2d 476 (1972), reinstating a verdict awarding damages for criminal conversation.

[5] The allowance of punitive damages in *Coates v. Slusher*, 109 Or 612, 631, 222 P 311 (1924), was cited with approval in *Van Lom v. Schneiderman*, 187 Or 89, 108, 210 P2d 461 (1949).

future cases. It follows that at the time of the trial of this case the trial court was required to submit to the jury not only plaintiff's cause of action for criminal conversation, but also the question whether plaintiff was entitled to an award of punitive damages.

It is true that this court has always had the power to reverse its previous decisions and to abolish both the tort of criminal conversation and the award of punitive damages in such cases. Under these circumstances, however, we think it inappropriate in this case and at this time to reconsider the question whether an award of punitive damages is proper in an action for either alienation of affections or criminal conversation.

Defendant also assigns as error the failure of the court to sustain his objection that "anything that happens after ["the time of filing petition for divorce"] * * * has [no] relevance as far as the claim in this case."

As previously stated, this complaint included a cause of action for alienation of affections, as well as one for criminal conversation. In *Berkshire v. Harem,* 181 Or 42, 60-61, 178 P2d 133 (1947), we held that conduct by a defendant occurring even after the filing of an action for alienation of affections "if otherwise relevant, is admissible."

■ It follows, in our opinion, that in an action for alienation of affections conduct by a defendant which is relevant to the issue of whether the affection of the plaintiff's wife has in fact been alienated is admissible even though occurring after the filing of a complaint for divorce by her.

■■ In this case plaintiff's former wife was asked on cross-examination, over objection, whether she had used defendant's BankAmericard for purchases and

had signed as "Mrs. Jack Vogt." That incident took place after the filing of her complaint for divorce.[6] In our opinion, that evidence had sufficient probative value so as to be relevant to the issues raised in plaintiff's cause of action for alienation of affections.[7]

■ Defendant's final assignment of error is that the trial court erred in failing to strike allegations that defendant did "seduce and entice" plaintiff's wife to have sexual intercourse with him and that his conduct "in seducing" her was willful, wanton and malicious. Under the facts of this case, including conduct admitted by the defendant and by plaintiff's wife, the failure of the trial court to strike these allegations was not prejudicial error.

The judgment of the trial court is affirmed.

DENECKE, J., dissenting.

I would reverse our earlier decisions and hold that the tort of criminal conversation is judicially abolished. The probable basis of the tort "lay in the proprietary interest of the husband in the body and services of his wife." Lippman, *The Breakdown of Consortium*, 30 Colum L Rev 651, 658 (1930). The old English courts created the tort of criminal conversation at a time when a wife was regarded as a servant or a chattel of her husband. That kind of relationship disappeared long before the women's liberation movement commenced and the tort should have vanished with it.

---

[6] Defendant also complains of evidence of another incident after the filing of the complaint for divorce that was not made the subject of a proper assignment of error. See Rule 6.18 of the Rules of Procedure of the Oregon Supreme Court requiring that "The assignment of error must be specific and must set out verbatim the pertinent portions of the record."

[7] Defendant also complains that such evidence constituted an improper variance between pleading and proof, but no such contention was made at the time of trial. *Brooke et ux v. Amuchastegui et ux*, 226 Or 335, 339-40, 360 P2d 275 (1961).

I find nothing in the 1975 legislation which would hinder our ability to judicially abolish the tort. Chapter 562, Oregon Laws 1975. The courts created the tort and the courts can abolish it. I do not interpret the 1975 law to statutorily sanction the judicially created tort in actions commenced before the effective date of the statute. I believe a more reasonable interpretation is that the legislature abolished the tort as to actions commenced after the effective date of the Act and that the status of pending actions remains under judicial control.

Assuming that the plaintiff can maintain a cause of action for criminal conversation I also dissent from that part of majority decision which holds that the jury could assess punitive damages.

In *Noe v. Kaiser Foundation Hosp.*, 248 Or 420, 425, 435 P2d 306 (1967), we stated the general rule for determining when punitive damages can be awarded:

"Punitive damages can only be justified on the theory of deterrent. * * * It is only in those instances where the violation of societal interests is sufficiently great and of a kind that sanctions would tend to prevent, that the use of punitive damages is proper. * * *"

The legislature has decided that society has no great interest in enabling a husband to obtain money from a man who had had intercourse with the husband's willing wife. Because this conduct will no longer be legally wrongful no reason exists to deter it.

The majority appears to justify affirming the award of punitive damages on two grounds.

The first is stare decisis. The majority reasons that in 1924 this court allowed an award of punitive damages in an alienation of affections case, alienation of affections involves many of the same elements as criminal conversation, therefore, the application of

the rule of stare decisis requires that punitive damages be awardable in this case.

In my opinion this does not follow. The legislature has now decided that alienation of affections and criminal conversation are not legally wrongful conduct. Because punitive damages are awarded to deter potential wrongdoers, there is no reason for the award when there is no potentially wrongful conduct to deter.

As a second ground for their opinion, the majority reasons that because at the time of trial it was not error to permit the issue of punitive damages to go to the jury, we cannot reverse even though the law has been changed subsequent to the ruling of the trial court but before decision on appeal. Fortunately, we have not followed such a rigid rule. A change in the law or in the circumstances occurring between trial and the decision on appeal may require reversal of the trial court although its ruling was not in error when made.

In *American Insurers v. Bessonette,* 235 Or 507, 384 P2d 223, 385 P2d 759 (1963), the trial court held that the defendant building contractors were not liable for damages to the tenant's property due to a lack of privity between the contractors and the tenant.

In deciding the case on appeal we stated:

"Decision in this case is governed by the recent case of *Strandholm v. General Construction Co.,* decided June 12, 1963, 235 Or 145, 382 P2d 843. Obviously, the trial judge did not have the advantage of the decision in *Strandholm* when he decided this case, nor did counsel at the time the case was submitted here."

"* * * The *Strandholm* case holds that there was a duty in spite of the lack of privity, so this case must be reversed. * * *" 235 Or at 509.

Accord: *Port of Portland v. Reeder,* 203 Or 369, 407, 280 P2d 324 (1955); *Von Poppenheim v. Port. Boxing Com.,* 241 Or 603, 407 P2d 853 (1965); and *Gabel v. Time Insurance,* 257 Or 241, 478 P2d 368 (1970).

O'CONNELL, C. J. joins in this dissent.