Argued and submitted February 11,
affirmed April 7, reconsideration denied May 15,
petition for review denied July 2, 1980 (289 Or 337)

# TRENERY, et al,
*Respondents,*

*v.*

# SCORE,
*Appellant.*

## (No. 78-2653-L-1, CA 14569)

609 P2d 388

Thomas J. Owens, Medford, argued the cause and
filed the briefs for appellant.

[611]

Thomas W. Swint, Grants Pass, argued the cause for respondents. With him on the brief was Swint & James, Grants Pass.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

This cause of action for trespass and battery arose out of an incident involving adjoining landowners. The jury awarded plaintiff Trenery $1,500 compensatory damages and $8,000 punitive damages for battery and awarded both plaintiffs $500 damages for trespass. Defendant appeals, contending the court erred in admitting certain testimony and in denying his motion for new trial on the ground the verdict was excessive, indicating it was given under the influence of passion and prejudice.

A discussion of the assignments of error does not require a detailed recitation of the facts leading up to this cause of action. It was precipitated when defendant came onto plaintiffs' land and confronted plaintiff Trenery. A heated exchange followed and Trenery was shoved and kicked in the leg.

Defendant's first claim of error relates to testimony concerning Trenery's change in his attitude following the incident. The testimony objected to came from plaintiff O'Keefe; who, with Trenery, is the joint owner of the real property involved.

Trenery testified, without objection, that after the incident with defendant he did not return to the area of his farm where he had been confronted by defendant because he was upset about what had occurred. O'Keefe testified as follows:

"A. I did notice a change after the event of August 13, yes.

"Q. [Plaintiff's Counsel] Was it a minor change, a major change?

"A. I would say it was a major change in his outlook basically because he had asked me to buy him out, number one, number two, he lost his enthusiasm, he had a dream of putting together a self-sufficient farm and he virtually lost enthusiasm for getting the project going."

Defendant objected to this testimony on the basis that it was not shown that Trenery's change in attitude

toward his farm was directly related to defendant's conduct. The court overruled the objection. O'Keefe then testified that Trenery had a great deal of enthusiasm for developing the farm, but after the incident this enthusiasm declined considerably.

Defendant argues that Trenery's change in attitude toward the farming operation could be explained on a number of bases such as a falling out with his partner or a realization that the land could not be profitably farmed. Defendant contends that the jury would be required to speculate in order to find a causal connection between his conduct and Trenery's loss of enthusiasm.

Plaintiff Trenery had alleged in the complaint that by reason of defendant's trespass and battery he was "made nervous and upset." The evidence was relevant to that allegation. The jury could infer from O'Keefe's description of Trenery's attitude prior to and following the incident, that it was caused by defendant's conduct. O'Keefe's testimony related the change in attitude to the date of the incident. The court did not err in overruling defendant's objection.

Following receipt of the verdict, defendant moved for a new trial on the ground, *inter alia,*

"[t]hat the amount of compensatory and punitive damages awarded by the jury was excessive, appearing to have been given under the influence of passion or prejudice. ORS 17.610(5)."

The motion was denied. Defendant argues that the trial court had the authority under former ORS 17.610(5) to set aside a verdict and order a new trial if the verdict is based on passion and prejudice. He contends that the size of the verdict, in comparison to the slight injury sustained by the plaintiff, shows that the verdict was excessive and could not have been arrived at but for passion or prejudice.

In *Van Lom v. Schneiderman,* 187 Or 89, 210 P2d 461, 11 ALR2d 1195 (1949), the Supreme Court held

that Article VII, § 3 of the Oregon Constitution prohibited any court from setting aside a verdict for unliquidated damages on the ground that the amount awarded was excessive.

Defendant based his motion for new trial on the former ORS 17.610,[1] which authorizes a judgment to be set aside and a new trial granted for:

"* * * * *

"(5) Excessive damages, appearing to have been given under the influence of passion or prejudice.

"* * * * *."

It is doubtful whether this provision, which was in effect prior to 1910, survived adoption of Art VII, § 3 of the Oregon Constitution in 1910. *See Van Lom v. Schneiderman, supra; but see Foley v. Pittenger,* 264 Or 310, 503 P2d 476 (1972). If the statutory provision survives as a means of enforcing a litigant's rights to due process of law and a fair trial, we conclude that defendant has not established that the verdict was influenced by passion or prejudice. The only basis offered by defendant for a new trial is that the verdict was excessive in relation to plaintiff's injuries. This is not sufficient. *Van Lom v. Schneiderman, supra; Foley v. Pittenger, supra.*

Affirmed.

---

[1] ORS 17.610 was repealed by Oregon Laws 1979, ch 284, § 199.