Argued and submitted May 8, affirmed June 24, 1987

# TORGESON,
*Appellant,*

*v.*

# CONNOR,
*Respondent.*

## (A8602-01027; CA A40873)

738 P2d 994

Richard C. Baldwin, Portland, argued the cause for appellant. With him on the brief was Baldwin & Brischetto, Portland.

Barbara H. Thompson, Portland, argued the cause for respondent. With her on the brief were John C. Mercer, and Wood, Tatum, Mosser, Brooke & Landis, Portland.

Before Buttler, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiff brought this action for fraud and intentional infliction of emotional distress to recover damages for "extreme anxiety, humiliation, and severe emotional distress" allegedly suffered as a result of defendant's failure to refer him to another doctor or to disclose to him that he was romantically and sexually involved with plaintiff's spouse before performing a vasectomy on him in 1979. Plaintiff allegedly sustained the injuries in 1984, when he learned of his now ex-spouse's alleged infidelity.[1] The trial court granted defendant's ORCP 21 motion to dismiss both claims for failure to state ultimate facts sufficient to constitute a claim and for failure to commence the action within the time limited by statute.[2] We limit our discussion to plaintiff's claim for intentional infliction of emotional distress.[3]

In order to state a claim for intentional infliction of emotional distress, the plaintiff ordinarily must allege ultimate facts which, if true, establish that the defendant intended to inflict severe mental or emotional distress, that the defendant's actions in fact caused the plaintiff to suffer severe mental or emotional distress and that defendant's actions consisted of "some extraordinary transgression of the bounds of socially tolerable conduct." or exceeded "any reasonable limit of social toleration." *Patton v. J.C. Penney Co.,* 301 Or 117, 122, 719 P2d 854 (1986). However, a lesser degree of culpability suffices if "the defendant's position in relation to the plaintiff involves some responsibility aside from the tort itself." *Hall v. The May Dept. Stores,* 292 Or 131, 135, 637 P2d 126 (1981). When such a special relationship exists, wrongful purpose, that is, a specific intent to cause

---

[1] Plaintiff does not allege that he would have foregone having a vasectomy if he had known of the true nature of the relationship between defendant and his spouse, who was, at the time, defendant's office manager.

[2] Defendant contends that plaintiff's action is barred by ORS 12.110(4), which provides that "[a]n action to recover damages for injuries to the person from any medical, surgical or dental treatment" must be commenced within five years of the date of the treatment. Plaintiff contends that ORS 12.110(4) is inapplicable and that, because the action was commenced within two years of the date of discovery, the action is timely under ORS 12.110(1). However, because we hold that plaintiff failed to state a claim, we need not decide whether the action was commenced within the time allowed by statute.

[3] Nothing in the argument relating to the fraud claim requires discussion.

mental or emotional distress, need not be alleged. It is sufficient that the defendant simply acted volitionally with knowledge that his actions would cause the distress. *Hall v. The May Dept. Stores, supra.*

■■ In *Rockhill v. Pollard,* 259 Or 54, 485 P2d 28 (1971), the court held that such a special relationship did exist between the victim of an automobile accident and the doctor from whom she sought medical assistance. Because of this precedent, we conclude that a special relationship exists in this case; therefore, plaintiff needed only to allege that defendant knew that his conduct would cause plaintiff to suffer severe emotional distress in order to state a claim. However, plaintiff alleges neither intent to cause severe distress nor facts sufficient to show that defendant acted with knowledge that plaintiff would suffer the alleged injury. He only alleges that defendant's conduct "caused" him to suffer the alleged injuries. Accordingly, because plaintiff's complaint does not satisfy the requisites of either standard, *i.e.,* that defendant acted intentionally or knowingly, we hold that the trial court did not err in granting defendant's motion to dismiss.

Affirmed.