**SNYDER,**
*Appellant,*

*v.*

**SUNSHINE DAIRY et al,**
*Respondents.*

(A8508-04785; CA A39969)

742 P2d 57

James O. Marsh, Portland, argued the cause and filed the brief for appellant. With him on the brief was Carney, Buckley, Kasameyer & Hays, Portland.

Jas. Jeffrey Adams, Portland, argued the cause for respondents. With him on the brief were Karen G. Thompson, and Acker, Underwood & Smith, Portland.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff appeals a judgment dismissing his complaint for failure to state facts sufficient to support a claim. Plaintiff sought damages for employer's alleged outrageous conduct by the intentional infliction of emotional distress. The complaint alleged that plaintiff had worked for defendant since 1956 and that, in 1983, defendant began to harass and intimidate plaintiff with the intended goal of forcing him voluntarily to terminate his employment. It further alleged that defendant had engaged in an "intentional course of conduct designed to inflict extreme emotional distress" on plaintiff.[1]

---

[1] The complaint alleged the following particulars:

"1. Inconsistently directing Plaintiff from one task to another without allowing sufficient time to perform either task properly;

"2. Generally reprimanding Plaintiff and threatening him with termination for alleged poor quality work when in fact Plaintiff's work had always been and continued to be as good or better than that of his co-workers;

"3. Chastising and punishing Plaintiff for improperly cleaning a milk dispenser filler machine which was not within Plaintiff's sole control;

"4. Unjustly accusing Plaintiff of causing damage to dairy products in the lower milk cooler;

"5. Blaming the loss of customers directly and solely upon Plaintiff;

"6. Unjustly criticizing and ridiculing Plaintiff's work habits in front of strangers;

"7. Placing Plaintiff under close watch or surveillance far beyond normal management supervision;

"8. Publicly ridiculing Plaintiff regarding Plaintiff's elimination habits;

"9. Requiring Plaintiff to perform menial tasks beyond his customary duties, some of which tasks less senior employers [sic] had previously refused to perform, including;

"a) emptying the acid bucket,

"b) cleaning up spilled powder mix in the basement,

"c) cleaning up spilled milk, milk jugs, sugar and powder mix in the garage area,

"d) cleaning up the coffee area,

"e) cleanup of another employee's creamer machine

"f) stocking of supplies for the creamer area,

"g) supplying sugar and mix to the yogurt maker,

"h) working the loading dock area,

"i) pulling dairy products for lab testing,

"j) straightening of freight pallets in the garage area,

"k) rearranging and moving fifty gallon orange juice drums,

"l) rearranging and moving furniture in the office area."

Liability for intentional infliction of emotional distress requires that the

> "defendant's actions consist of 'some extraordinary transgression of the bounds of socially tolerable conduct' or the actions must exceed 'any reasonable limit of social toleration.' *Hall v. The May Dept. Stores,* 292 Or 131, 135, 137, 637 P2d 126 (1981)." *Patton v. J.C. Penney Co.,* 301 Or 117, 719 P2d 854 (1986).

We have explained that the means of inflicting the distress must be extraordinary and must also be pleaded. *Trout v. Umatilla Co. School Dist.,* 77 Or App 95, 101, 712 P2d 814 (1985), *rev den* 300 Or 704 (1986). The means alleged here—excessive supervision and unjustified reprimands, even if proved, cannot amount to an "extraordinary transgression of the bounds of socially tolerable conduct." *See Hall v. The May Dept. Stores, supra; Brewer v. Erwin,* 287 Or 435, 600 P2d 398 (1979); *Turman v. Central Billing Bureau,* 279 Or 443, 568 P2d 1382 (1977).

Affirmed.