Argued and submitted September 30, 1987, reversed in part and remanded, otherwise affirmed January 27, Spiess' reconsideration and Johnson's reconsideration denied April 8, both petitions for review allowed April 26, 1988 (305 Or 576)

SPIESS,
*Appellant,*

*v.*

JOHNSON et al,
*Respondents.*

(CV 86-254; CA A41991)

748 P2d 1020

Theodore H. Heap, Portland, argued the cause and filed the brief for appellant.

Thomas M. Christ, Portland, argued the cause and filed the brief for respondent Richard H. Johnson, M.D.

Don G. Swink, Portland, argued the cause for respondents Terrell Templeman and Bruce S. Barnes. With him on the brief was Sandra A. Hansberger, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## WARDEN, P. J.

Plaintiff brought this action, alleging five claims for relief. The trial court granted defendants' ORCP 21A motions to dismiss all five for failure to state ultimate facts sufficient to constitute claims,[1] and plaintiff appeals. We affirm in part and reverse in part.

■　　Because the case is before us on the sufficiency of the amended complaint, we must assume the truth of all of plaintiff's pleaded allegations and any facts that might conceivably be adduced as proof of those allegations. *Brennen v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979). Plaintiff has alleged the following: At all relevant times, defendant Johnson was a physician and surgeon licensed to practice psychiatry, and he and defendants Templeman and Barnes were partners doing business as Pendleton Professional Services;[2] Johnson held himself out to the public in general, and to plaintiff and his wife, Sharon, in particular, to be a specialist in psychiatry; sometime before and during 1982, plaintiff and Sharon were experiencing marital difficulties; in an effort to preserve their 22-year marriage, they agreed that Sharon would seek psychiatric counseling and treatment; from December, 1982, through at least April, 1984, Johnson was hired to and did provide the counseling and treatment to Sharon; during the course of treatment, Johnson and Sharon became sexually intimate; Johnson continued to pursue his sexual relationship with Sharon, including following plaintiff and Sharon on their family vacations to California and Hawaii; and, thereafter, with Johnson's encouragement, advice and assistance, Sharon filed for divorce from plaintiff.

■ ■　　Plaintiff's amended complaint seeks compensatory and punitive damages under theories of medical negligence, breach of fiduciary duty, breach of contract, invasion of privacy and intentional infliction of severe emotional distress.[3]

---

[1] Defendant Case was not served with summons and did not appear. Final judgments were entered in favor of the other defendants.

[2] Templeman's and Barnes' alleged liability is only vicarious, deriving from Johnson's conduct. Throughout this opinion, we will refer only to Johnson. Our holdings, however, apply to Templeman and Barnes as well.

[3] The last theory was styled "outrageous conduct" in plaintiff's amended complaint. Because that claim is actually for intentional infliction of severe emotional distress, *Patton v. J.C. Penney Co.,* 301 Or 117, 119 n 1, 719 P2d 854 (1986), we address it as such.

Johnson moved to dismiss the complaint on the basis that, however labeled, all of plaintiff's claims essentially allege the statutorily abolished torts of alienation of affections and criminal conversation.[4] The trial court agreed and allowed the motion. We address each claim in turn.

■■    The complaint purports to allege negligence in two counts. The first count alleges that Johnson negligently committed medical malpractice by engaging in a sexual relationship with Sharon during the course of her treatment and by encouraging, advising and assisting her in filing for divorce from plaintiff. Even assuming that plaintiff properly alleges negligent conduct, plaintiff's first count cannot be sustained. He has alleged that *Sharon* sought and received psychiatric counseling and treatment from Johnson. He does not allege that *he* ever consulted with or received any treatment from Johnson. Quite simply, plaintiff had no doctor-patient relationship with Johnson, Johnson never treated him and he has, therefore, no claim on that basis.[5] Additionally, plaintiff has alleged that Johnson's negligent conduct toward Sharon caused a loss to him of Sharon's affection and consortium. That type of claim falls squarely within the legislatively abolished tort of alienation of affections, *see* n 4, *supra,* and the trial court did not err in dismissing it.[6]

■    The second count alleges that Johnson inaccurately

----

[4] *See* Or Laws 1975, ch 562, §§ 1, 2 (*now* ORS 30.840 and ORS 30.850). The elements of alienation of affections are wrongful conduct by the defendant which is intended to cause and which actually does cause the loss of the affection and consortium of the plaintiff's spouse. *Eberdt v. St. Paul Fire and Marine Ins. Co.,* 36 Or App 679, 682, 585 P2d 711 (1978), *rev den* 285 Or 1 (1979). Criminal conversation consists of sexual intercourse with the spouse of another person. *Brown v. Vogt,* 272 Or 482, 484, 538 P2d 362 (1975).

[5] Sharon is not a party to this action, and she has apparently not filed a separate action against defendants. Because the issue is not presented by this case, we need not decide whether she would have a claim for relief on the basis that Johnson did treat her.

[6] *Docken v. Ciba-Geigy,* 86 Or App 277, 739 P2d 591, *rev den* 304 Or 405 (1987), is distinguishable. The plaintiff there, as personal representative of her deceased son's estate, brought a negligence claim against the prescribing physician, the dispensing pharmacy and the manufacturer of a drug that allegedly caused the son's death. The deceased son was not the person for whom the drug was prescribed. We held that the plaintiff had stated a negligence claim because we could not say, as a matter of law, that the harm to the deceased son was not foreseeable. 86 Or App at 281. The defendants, however, did not assert that a legislative enactment had abolished the plaintiff's claim or in any way limited their liability to the plaintiff's deceased son. 86 Or App at 281. Here, as noted, Johnson makes that the basis of his Rule 21 motion.

diagnosed and mistreated Sharon's "illness." That count fails to state a claim for the same reasons that the first count fails, and the trial court did not err in dismissing it.

Plaintiff's second claim alleges a breach of fiduciary duty by Johnson. We agree with plaintiff that the psychiatrist-patient relationship is fiducial. *See Wallace v. Hinkle Northwest, Inc.,* 79 Or App 177, 181, 717 P2d 1280 (1986). However, *Sharon* was Johnson's patient, and plaintiff was not. It follows that plaintiff did not have a fiduciary relationship with Johnson, and the trial court did not err in dismissing the claim.

Plaintiff's third claim is for breach of contract. To the extent that that claim alleges that Johnson breached a contract by "inducing Sharon * * * [to have] a sexual relationship with [him] and [to pursue] a dissolution of her marriage with plaintiff," it is barred by the statutory abolition of the torts of criminal conversation and alienation of affections. *See* n 4, *supra.* However, the claim also alleges that Johnson agreed *with plaintiff* to provide counseling and treatment to Sharon and that Johnson breached that agreement by "failing to provide care, treatment and therapy to Sharon * * *." He thus states a claim for breach of contract, *see Hale v. Groce,* 304 Or 281, 288-89, 744 P2d 1289 (1987), and that claim has not been abolished by the enactment of Or Laws 1975, ch 562. The trial court therefore erred in dismissing the breach of contract claim.

Plaintiff's fourth claim alleges an invasion of privacy by Johnson's intentional intrusion into plaintiff's private affairs. *See Trout v. Umatilla Co. School Dist.,* 77 Or App 95, 99, 712 P2d 814 (1985), *rev den* 300 Or 704 (1986). Plaintiff complains that Johnson intruded into his marital relationship and caused the marriage to collapse. Again, that claim is for the abolished tort of alienation of affections, and the trial court did not err in dismissing it.

Plaintiff's fifth claim technically alleges all of the elements of intentional infliction of severe emotional distress: (1) Johnson entered into a sexual relationship with Sharon

with the intention of causing plaintiff severe emotional distress;[7] (2) Johnson's conduct did in fact cause plaintiff to suffer severe emotional distress; and (3) Johnson's conduct extraordinarily transgressed the bounds of socially tolerable conduct. *See Lewis v. Oregon Beauty Supply Co.,* 302 Or 616, 626, 733 P2d 430 (1987). The issue is whether that claim is for the abolished torts of criminal conversation and alienation of affections. We hold that it is not.

As noted, criminal conversation consists of sexual intercourse with the spouse of another person, and the elements of alienation of affection are wrongful conduct of the defendant which is intended to cause and which actually does cause the plaintiff *the loss of the affection and consortium of the plaintiff's spouse.* The gravamen of the tort of intentional infliction of severe emotional distress, on the other hand, is that the plaintiff has suffered *a loss due to intentionally inflicted severe emotional distress. See Lewis v. Oregon Beauty Supply Co., supra.* It is the nature of *the loss* allegedly suffered by plaintiff in this case that distinguishes his claim of intentional infliction of severe emotional distress from the torts of alienation of affections and criminal conversation. He claims to have suffered severe emotional distress as a result of Johnson's alleged intentional conduct; his claimed loss is *not* the loss of his wife's society and companionship. That Johnson allegedly used his sexual relationship with plaintiff's wife as *the means* to intentionally inflict severe emotional distress on plaintiff does not transform plaintiff's claim into one for either alienation of affections or criminal conversation. Furthermore, we cannot say, as a matter of law, that Johnson's alleged conduct did not exceed the bounds of socially tolerable conduct. *Cf. Patton v. J.C. Penney Co., supra* (discharge of at-will employe for employe's pursuit of private right held not to be beyond the bounds of socially tolerable conduct); *Snyder v. Sunshine Dairy,* 87 Or App 215, 216, 742 P2d 57 (1987) (excessive supervison and unjustified reprimands of employe in effort to get employe to voluntarily terminate his employment held not an extraordinary transgression of the bounds of

---

[7] Plaintiff has not alleged any "special relationship" that would require him to prove only that Johnson acted with knowledge that those acts would cause the emotional distress. *See Torgeson v. Connor,* 86 Or App 179, 181-82, 738 P2d 994 (1987).

socially tolerable conduct). The trial court erred in dismissing plaintiff's fifth claim.[8]

Reversed as to claims for breach of contract and intentional infliction of severe emotional distress and remanded; otherwise affirmed.

---

[8] As with the breach of contract claim, however, to the extent that plaintiff claims that he has lost the affection and consortium of his wife as a result of Johnson's alleged conduct, the claim is barred by Or Laws 1975, ch 562.