Argued and submitted April 14, reversed and remanded October 25, 1989, Luther Memorial Church's reconsideration and American Lutheran Church's reconsideration denied January 5, both petitions for review allowed February 22, 1990 (309 Or 333) Christenson's petition for review allowed April 6, 1990 (309 Or 698)
See later issue Oregon Reports

# ERICKSON,
*Appellant,*

*v.*

# CHRISTENSON et al,
*Respondents.*

## (A8710-06662; CA A49695)

781 P2d 383

David R. Nepom, Portland, argued the cause and filed the briefs for appellant.

I. Franklin Hunsaker, Portland, argued the cause and filed the brief for respondent American Lutheran Church, North Pacific District. With him on the brief were Chrys A. Martin, Lisa E. Lear and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

David J. Edstrom, Portland, argued the cause and filed the brief for respondent Bryan W. Christenson.

Ralph C. Spooner, Salem, argued the cause and filed the brief for respondent Luther Memorial Church. With him on the brief was Spooner & Much, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

### ROSSMAN, J.

Plaintiff brought this action against her pastor (Christenson), the church that employed him (Luther Memorial) and the American Lutheran Church, North Pacific District (ALC-NPD),[1] alleging four claims for injuries sustained after Christenson allegedly manipulated her and seduced her through a counseling relationship. The trial court granted defendants' motions under ORCP 21A to dismiss for failure to state ultimate facts sufficient to state claims, and plaintiff appeals. We reverse and remand.

In reviewing a motion to dismiss for failure to state a claim, we are limited to the facts stated in the complaint. *Richards v. Dahl*, 289 Or 747, 752, 618 P2d 418 (1980). We accept as true the allegations and all reasonable inferences that may be drawn from them. *See Overbay v. Ledridge*, 97 Or App 292, 294, 776 P2d 29, *on reconsideration* 98 Or App 148, 778 P2d 981 (1989). A pleading that contains an allegation of material fact as to each element of the claim for relief, even if vague, is sufficient to survive a motion to dismiss. *Mazurek v. Rajnus*, 253 Or 555, 557-58, 456 P2d 83 (1969). We discuss plaintiff's claims against each defendant in turn.

Plaintiff's claims against Christenson are for "breach of fiduciary duty" (which we treat as a claim for breach of a confidential relationship) and intentional infliction of severe emotional distress.[2] Her allegations may be summarized: (1) In 1970, when plaintiff was age 13, Christenson established a confidential relationship with her, acting as her pastor, counselor, confessor, advisor, friend, teacher and surrogate father. (2) Christenson abused that relationship by "mentally manipulating" her to become dependent upon him and by "coercing and manipulating" her to have close contact and sexual relations with him for his own purposes; he continued to exercise dominion and control over plaintiff until the fall or winter of 1986, and attempted to manipulate the relationship until

---

[1] Pursuant to the stipulation of plaintiff and American Lutheran Church (ALC), the trial court entered an order dismissing claims against ALC without prejudice. The court incorporated that order into its judgment dismissing plaintiff's claims against all defendants.

[2] Although plaintiff has characterized her claim as one for "outrageous conduct," it is actually for intentional infliction of severe emotional distress. *Patton v. J. C. Penney Co.*, 301 Or 117, 119 n 1, 719 P2d 854 (1986).

May, 1987. (3) Defendants' failure to advise plaintiff of the improper relationship prevented her from obtaining professional help. (4) As a result of Christenson's misuse of his position, plaintiff suffered sexual abuse, extreme emotional distress, physical illness, loss of sleep and memory, clinical depression and loss in her "ability to trust other adults, to trust authority, and * * * in her ability to deal with religion and her faith in God."

■ Christenson argues that those allegations actually state a claim for seduction, a cause of action that was abolished in 1973. Or Laws 1973, ch 640. We disagree. In *Spiess v. Johnson*, 89 Or App 289, 748 P2d 1020, *aff'd by equally divided court* 307 Or 242, 765 P2d 811 (1988), we considered the sufficiency of a complaint alleging that a psychiatrist from whom a couple had sought psychiatric counseling for the wife had become sexually intimate with her during the course of treatment. The defendant argued that the husband's claim for intentional infliction of severe emotional distress was actually for the abolished torts of criminal conversation and alienation of affections. We rejected that argument, noting that the different claims were distinguishable by the nature of the loss that they alleged. 89 Or App at 294.

The tort of seduction provided recovery for damage to character and reputation, as well as for mental anguish and pecuniary losses. *See Breon v. Henkle,* 14 Or 494, 500, 13 P 289 (1887). By contrast, plaintiff's claim alleges that Christenson misused his position as pastor and counselor to abuse her sexually, causing her not only emotional distress but also "loss of ability to trust other adults, to trust authority, and * * * in her ability to deal with religion and her faith in God." Accepting the allegations as true, the harm to plaintiff stemmed from Christenson's misuse of his position of trust, not from the seduction as such. Plaintiff has stated a claim.

In her second claim against Christenson, plaintiff has claimed losses due to intentionally inflicted severe emotional distress, as opposed to losses related to character or reputation. The mere fact that sexual intimacy was the means of inflicting that distress does not convert her claim into one for seduction. *See Spiess v. Johnson, supra,* 89 Or App at 294. Moreover, the character of Christenson's relationship with plaintiff is relevant both to the degree of culpability required

to impose liability and to whether his conduct was so offensive as to be outrageous. *Hall v. The May Dept. Stores,* 292 Or 131, 137, 637 P2d 126 (1981); *Torgeson v. Connor,* 86 Or App 179, 181, 738 P2d 994 (1987). Because plaintiff has alleged a confidential relationship, proof of her other allegations would permit the jury to infer that Christenson's actions exceeded the limits of social toleration, that they were done with the knowledge that they would cause her grave distress and that they in fact caused her severe emotional distress. That is sufficient to state a claim for intentional infliction of emotional distress. *See Torgeson v. Connor, supra.*

■   Christenson argues that plaintiff's claims are barred by the First Amendment. According to him, her claim for "breach of a fiduciary duty" actually is a claim for clerical malpractice, a cause of action that requires developing a community standard of care. Because imposing such a standard would involve examining the validity of religious beliefs and could interfere with access to clerical counseling, he argues, it violates both the Free Exercise and Establishment Clauses of the First Amendment. Similarly, he contends, because plaintiff's seduction could not be considered "outrageous" were it not for the fact that he is a pastor, plaintiff's claim of intentional infliction of emotional distress penalizes him for exercising his religion.

Christenson's arguments misconstrue the nature of plaintiff's claims. First, regardless of how plaintiff designated her claims, a claim for breach of a confidential relationship is different from a claim for clerical malpractice. Plaintiff's complaint alleged the existence and breach of a confidential relationship; it did not allege the elements of malpractice. Moreover, plaintiff's claim for outrageous conduct is not premised on the mere fact that Christenson is a pastor, but on the fact that, because he was *plaintiff's* pastor and counselor, a special relationship of trust and confidence developed.

■   Plaintiff's claims against Luther Memorial are that it is vicariously liable for the torts allegedly committed by Christenson and that it was negligent in supervising him. "Under the doctrine of *respondeat superior,* an employer is liable for an employee's torts when the employee acts within the scope of employment." *Chesterman v. Barmon,* 305 Or 439, 442, 753 P2d 404 (1988). An employe's act is within the scope of the

employment if it occurs substantially within the time and space limits authorized by the employment, the employe is at least partially motivated by a purpose to serve the employer and the act is of a kind which the employe was hired to perform. *Chesterman v. Barmon, supra,* 305 Or at 442. Plaintiff has alleged that, in the exercise of his duties as a pastor, Christenson established a confidential relationship with her and caused her harm by abusing that relationship. Confining our analysis to the four corners of the complaint, we conclude that it alleges that she sustained harm from acts performed within Christenson's scope of employment.[3]

■ With respect to her claim for negligence in supervision, Luther Memorial argues that plaintiff has failed to allege facts showing that its "conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff," as required by *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 17, 734 P2d 1326 (1987). However, in her amended complaint, plaintiff has alleged that Luther Memorial knew or should have known that Christenson was not adequately trained as a counselor and that it knew or should have known that he had misused his position in the past to take advantage of parishioners and counseled persons. These allegations, if proven, would make it reasonable for a trier of fact to infer that the risk of harm to plaintiff was reasonably foreseeable to Luther Memorial. Similarly, her allegations, if proven, that Luther Memorial employed and directed Christenson to counsel parishioners, failed to investigate claims of his sexual misconduct, failed to remove him or to warn parishioners of his misuse of his position and failed to supervise him adequately following his nervous breakdown or to direct him to seek expert advice to deal with his abusive behavior would make it reasonable for the jury to infer that it created the risk of harm to plaintiff. The complaint states a claim for negligent supervision. It follows that plaintiff's

---

[3] Luther Memorial argues that it cannot be held liable under a theory of *respondeat superior,* because Christenson's seduction of plaintiff is neither the kind of act that he was hired to perform nor motivated by a desire to serve the employer. As previously noted, however, the gravamen of plaintiff's complaint is not simply that Christenson seduced her but that he abused his position as her pastor to do so. Because the alleged wrongful act was improper performance of pastoral counseling duties, whether it occurred within the scope of employment is a factual issue.

claims against Luther Memorial should not have been dismissed.[4]

■   Plaintiff repeated her claim of negligent supervision against ALC-NPD, alleging the same facts and adding that ALC-NPD supervised Luther Memorial and that the agents and employes of ALC-NPD supervised Christenson. ALC-NPD responds that, because it is merely an administrative department of ALC, it lacks the capacity to be sued, that plaintiff's claim is barred by the two-year Statute of Limitations in ORS 12.110(1) and that, because it was not Christenson's employer, but simply an unincorporated division of ALC with only a tenuous connection to Luther Memorial and Christenson, it could neither have created nor foreseen the risk of harm to plaintiff.

ALC-NPD's contentions are premature. Nothing on the face of the complaint permits a determination that ALC-NPD is not a proper party or that, as a matter of law, plaintiff's alleged injuries occurred more than two years before the commencement of her action. *See* ORCP 21A(9). Plaintiff has alleged sufficient facts to withstand a motion to dismiss.

■   Plaintiff's last claim is that ALC-NPD was negligent in its performance of pastoral duties. In essence, she alleges that, after she initiated a church complaint against Christenson, ALC-NPD undertook the role of her advocate and counselor; that, in that role, it required her to "proceed through a confrontational process * * * in order to have Bryan Christenson removed from his pastor position"; and that, despite Christenson's voluntary admission to a sexual dependency unit, it continued to require her to "confront and oppose the church congregation," causing her extreme emotional distress. Those allegations, taken as true, would permit a trier of fact to make the inference that ALC-NPD's conduct unreasonably created a foreseeable risk of harm to plaintiff. Under

---

[4] Relying on *Norwest v. Presbyterian Intercommunity Hosp.*, 293 Or 543, 652 P2d 318 (1982), Luther Memorial asserts that plaintiff has alleged only emotional injury, an insufficient basis for a claim for ordinary negligence. In alleging sexual abuse, physical illness, lost sleep and losses in memory and concentration, however, plaintiff has alleged more than emotional injury.

*Fazzolari v. Portland School Dist. No. 1J, supra,* plaintiff's allegations are sufficient to state a claim for negligence.[5]

Reversed and remanded.

---

[5] Characterizing plaintiff's claim as one for "clerical malpractice," ALC-NPD argues that recognizing such a cause of action would require the court to develop a standard of care for pastoral counseling, an undertaking which inevitably would violate the First Amendment and Article I, sections 2, 3 and 5 of the Oregon Constitution. However, plaintiff's complaint alleges simple neglience. Although the First Amendment or Oregon Constitution may provide ALC-NPD with an affirmative defense at some later stage of the proceeding, which we need not and do not decide here, it does not provide a basis for dismissal at this stage.