977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rose STAHL, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, an Illinois
Corporation, Defendant-Appellee.
 No. 91-35559.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 20, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stahl sued State Farm, claiming that it wronged her by not suing her. Her claim was that State Farm breached its covenant of good faith under its liability insurance policy, acted in bad faith toward her as an insured, deprived her of due process, and inflicted mental distress on her, by not naming her as a defendant in its declaratory judgment action to avoid coverage. The district court granted summary judgment to State Farm, and we affirm.
 
 
 3
 I. Facts.
 
 
 4
 Stahl sued her stepfather, Bruce Hall, for sexual abuse, and won a judgment against him. He tendered defense of that lawsuit to his liability insurer, State Farm, which defended him against Stahl's claim but reserved its rights to deny coverage. State Farm sued Hall for a declaratory judgment that its liability insurance did not cover him for Stahl's claim. It settled the case by agreeing to continue its defense of Hall through one level of appeal but not to cover him for Ms. Stahl's claim.
 
 
 5
 Although State Farm did not name Stahl as a defendant in the declaratory judgment action, it advised her of the action, so she had an opportunity to move to intervene if she wished. Shortly after filing the complaint, State Farm sent a copy to Ms. Stahl's attorney. A few months later, State Farm deposed Ms. Stahl's mother, with Ms. Stahl's attorney present, and stated on the record at the outset of the deposition that State Farm had filed the lawsuit against Hall. When State Farm contemplated a motion for summary judgment in the declaratory judgment action, its attorney and Ms. Stahl's attorney negotiated, and Ms. Stahl's attorney discussed the motion with Mr. Hall's attorney. This case involves no deception or subterfuge, just the question of whether State Farm owed it to Ms. Stahl to name her as a defendant in the coverage case.
 
 
 6
 II. Standard of Review.
 
 
 7
 We review a grant of summary judgment de novo, applying the same standard applied by the district court under Federal Rule of Civil Procedure 56(c). Thus, we must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 8
 III. Breach of the Implied Covenant of Good Faith.
 
 
 9
 Because Stahl was both a third-party claimant[1] and an "insured,"[2] we analyze her claim in two parts. As a third party claimant, she was owed no duty under State Farm's contractual obligation of good faith toward its insured. Georgetown Realty, Inc. v. Home Ins. Co., 831 P.2d 7, 14 (Or.1992). As an insured, she would be owed good faith, but Stahl has not provided any basis for a claim that not suing her was bad faith. Oregon law controls whether an insurer's contractual obligation to an additional insured under a liability policy obligates the insurer to name the additional insured in a declaratory judgment action brought against a named insured to avoid coverage. No case or doctrine of Oregon law has been cited to us for the proposition urged by Stahl. Nor is one evident to us. As an additional insured, Ms. Stahl had no interest in the policy, because she was not being sued, and had no need for liability insurance protection against her own claim. Her only interest in the policy was as a third party claimant against a policy-holder, her abusive stepfather. Even if State Farm should have joined her under the Oregon Rules of Civil Procedure, a question we need not decide, the rule violation if any would not be equivalent to breach of a contractual or tort duty. Even if there were a breach of some duty, there would be no damages. Nonjoinder is harmless to Stahl, because she is not bound by State Farm's declaratory judgment action against Hall. Farmers Ins. Co. v. Stockton, 827 P.2d 938, 941 (Or.App.1992).
 
 
 10
 IV. 42 U.S.C. § 1983.
 
 
 11
 Stahl argues that State Farm's action in failing to join her as a party in its declaratory judgment action amounts to a deprivation of her "right to due process secured by the 14th amendment."
 
 
 12
 To make out a claim under § 1983, a plaintiff must demonstrate: (1) a deprivation of a right secured by the Constitution; and (2) action under color of state law. Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990). When the § 1983 action is based on an alleged violation of the fourteenth amendment, the plaintiff must show that the deprivation occurred as a result of "state action." West v. Atkins, 487 U.S. 42, 48 (1988).
 
 
 13
 The district court correctly ruled that Stahl failed to demonstrate state action. State Farm's only alleged "state action" consisted of obtaining a declaratory judgment in the state courts. The filing by a private party of a lawsuit in a state court does not amount to "state action." International Olympic Com v. San Francisco Arts & Athletics, 781 F.2d 733, 737 (9th Cir.1986), aff'd 483 U.S. 522.
 
 
 14
 V. Intentional Infliction of Emotional Distress.
 
 
 15
 Stahl argues that State Farm failed to join her in the declaratory judgment proceeding with the knowledge and intent that Stahl would suffer "emotional injury, anxiety, pain, and suffering."
 
 
 16
 Under Oregon law, to make out a claim for intentional infliction of emotional distress, a plaintiff must demonstrate: (1) the defendant intended to inflict severe mental or emotional distress, or in some relationships, knew that the conduct would inflict distress; (2) the defendant's conduct in fact caused the plaintiff to suffer such distress; and (3) the defendant's conduct consisted of "some extraordinary transgression of the bounds of socially tolerable conduct." Torgeson v. Connor, 738 P.2d 994, 995 (Or.App.1987) (citation omitted); Kelley v. Sisters of Providence in Oregon, 781 P.2d 354, 357 (Or.App.1989).
 
 
 17
 The district court correctly determined that State Farm's failure to join Stahl to the declaratory judgment action did not transgress the bounds of socially tolerable conduct, and no reasonable jury could find otherwise. The boundaries of socially tolerable conduct allow for an insurance company to file a declaratory judgment action to avoid coverage in such a case, without naming a claimant, who may be an additional insured, as a defendant in the lawsuit. See Kelley, supra, at 357-58.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Stahl was a judgment creditor of Hall's as of November 1989 with a claim against Hall's State Farm policy under ORS 23.230, which provides for the attachment of a judgment debtor's insurance policy
 
 
 [2]
 Stahl has been an "insured" under Hall's State Farm policy since her mother and Hall were married in 1982