## CIRCUIT COURT OF NORTHAMPTON COUNTY

O. M. Stevenson

v.

Michael Driscoll Johnson

October 12, 1993

Case No. (Law) 90CL001

BY JUDGE GLEN A. TYLER

In this tort action, the Court is asked to rule upon defendant's motion for summary judgment on the pleadings. The issue is whether plaintiff has pleaded facts alleging intentional infliction of emotional distress and breach of fiduciary duty in a manner sufficient to allow him to go to trial.

The facts taken from the pleadings and succinctly stated are that defendant, a clinical psychologist, treated plaintiff and his wife as his patients in marital counseling and therapy, each disclosing confidential marital problems to the defendant. Plaintiff then discontinued his counseling and therapy, but the wife continued for seven more years confiding her marital problems in the defendant. During the wife's continued counseling and therapy, the defendant and she began an adulterous relationship. They concealed their sexual relationship from the plaintiff. As a result of that relationship, the wife ultimately told the plaintiff she no longer loved him and deserted him, refusing to reconcile, while denying any involvement with the defendant. But, less than two months later, the wife and defendant moved out of the community and began cohabiting.

Plaintiff became depressed and suicidal and entered a psychiatric hospital. A few weeks later, he suffered a heart attack and then underwent heart surgery. Several months afterward, the plaintiff and his estranged wife were divorced, and she married the defendant.

There are two questions: (1) whether it is outrageous conduct towards a husband who was a patient for a psychologist to have a sexual relationship with the husband's wife who is a patient, and (2) whether there is a fiduciary duty still in existence owed by a psychologist to the husband who was his patient which is violated by the psychologist having a sexual relationship with the husband's wife who is a patient?

The proceedings that have preceded defendant's present motion for summary judgment are that defendant demurred to plaintiff's motion for judgment, and the demurrer was sustained on the grounds that this lawsuit was one for alienation of affections regardless of what it was called. That ruling by this Court, Judge N. Wescott Jacob, was overturned by the Supreme Court of Virginia in a ruling stating that this case is not one for alienation of affections. The Supreme Court did not undertake to decide what kind of tort action it was, only what it was not. Again, upon remand, the defendant filed a demurrer alleging that the facts do not make out a sufficient cause for emotional distress or breach of fiduciary duty. This Court overruled the demurrer. Then, the instant motion for summary judgment was filed.

Summary judgment may be had upon the pleadings. Supreme Court Rule 3:18 provides that if it appears from the pleadings that the moving party is entitled to summary judgment, the Court shall grant it if no material fact is generally in dispute.

The tort of emotional distress is not old, or at least a remedy at law for its damages is of recent vintage in Virginia. Certainly, its extension to cover wrongful therapist-patient sexual contact is novel, though expanding in other jurisdictions.

In the case at bar, there is no allegation of initial physical impact, but physical injury resulting from the reckless infliction of emotional distress is alleged. And there must be an allegation of resulting physical injury that is severe. *Russo v. White*, 241 Va. 23 (1991). The test is met in the pleadings in this case.

The tort of emotional distress in Virginia is defined by *Womack v. Eldridge*, 215 Va. 338 (1974). The conduct must be alleged to be at least reckless, to be outrageous, and to cause severe distress. In this case, the allegations clearly cover recklessness and causation and, as stated above, severe distress. The question is outrageousness. Does the motion for judgment allege only bad manners causing mere hurt feelings? Furthermore, do the allegations obviate any requirement of physical presence on the part of the plaintiff at the place of outrageous

conduct? The answers appear from the pleadings to be that the allegations are sufficient to permit the plaintiff to attempt to prove his case, that he was severely distressed, not only by what happened to his wife; (that is, by what was "inflicted" upon her according to him) but also by the "insult" to him, meaning both a physical insult and an emotional insult to pride and ego. In this regard, see Jorgenson, Randles & Strasburger, *The Furor Over Psychotherapist-Patient Sexual Conduct*, 32 Wm. and Mary L. Rev. 645 (Spring 1991).

The allegations in the motion for judgment, the state of the law in Virginia, and the expansion of the law generally in this area nationwide are sufficient for the Court to permit the plaintiff to have his day in court and let it remain to be seen whether he can prove what the allegations state directly, and what may necessarily be inferred from them. Then, the Court can revisit the legal issue while reflecting upon the evidence.

Even though a fiduciary duty usually arises in the context of the management of money, it is not always so. A fiduciary duty is a duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person. Black, *Law Dictionary* (6th ed. 1990). It has been held that there is a fiduciary relationship between physician and patient, and that appears to be the general rule. 61 Am. Jur. 2d, *Physicians, Surgeons, etc.*, § 166 (1981). It is not at all difficult to conclude that a fiduciary relationship can and does exist between a clinical psychologist and his client. He is a professional in his field, and his client usually is not. A social worker has been found to be a fiduciary to a client. *Horak v. Biris*, 474 N.E.2d 13 (Ill. 1985). Also, a pastor has been held to have such a relationship to a person in counseling. *Erickson v. Christenson*, 781 P.2d 383 (Ore. 1989).

Under the facts alleged in this case and for reasons further clarified above regarding the tort of emotional distress, the plaintiff should be permitted to prove, if he can, the existence of a fiduciary relationship and its breach.

The motion for summary judgment will be denied.