Argued and submitted October 3, 1986, reversed and remanded with instructions
June 3, 1987

JOHNSON et al,
*Respondents,*

*v.*

OVERBAY,
*Defendant,*

*and*

OVERBAY,
*Appellant.*

(27646; CA A37830)

737 P2d 1251

Robert Harris, Portland, argued the cause for appellant. With him on the briefs were Douglas A. Harrison and Howe & Harris, Portland.

W. Eugene Hallman, Pendleton, argued the cause for respondents. With him on the brief were Joel S. DeVore and Mautz & Hallman, Pendleton.

Before Buttler, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant Marilyn Overbay appeals the court's denial of her motion of December 14, 1984, to set aside an interlocutory judgment of foreclosure of a land sale contract under which she and her husband, Grover Overbay, were vendees. ORCP 71. We reverse.

In May, 1978, plaintiff Smith sold a 160-acre parcel on contract to the Overbays. The contract described the parcel by metes and bounds. On November 17, 1979, Smith and the Overbays amended it by addendum to delete a 60-acre parcel, described by metes and bounds. At that time, Smith conveyed the 60-acre parcel to the Overbays by warranty deed, which was recorded on November 26, 1979. The dispute here concerns only the 60 acres that the addendum deleted.

In December, 1981, Smith transferred his interest in the contract and the balance of the real property to plaintiff Johnson, reserving a life estate. The Overbays were late in their payments under the contract, and plaintiffs filed this action in May, 1982, to foreclose the contract. Both plaintiffs' original and amended complaints recited:

"On May 1, 1978, Plaintiff GUY SMITH, JR., and Defendants GROVER W. OVERBAY and MARILYN B. OVERBAY, made and entered into a written contract, bearing said date, by which Guy Smith, Jr. agreed to sell to Defendants Grover W. Overbay and Marilyn B. Overbay and they agreed to purchase from Plaintiff Guy Smith, Jr., the following described real property * * *."

The original and amended complaints then set forth a metes and bounds description that described the entire 160 acres.[1] Each complaint then recited:

"A copy of said contract is attached hereto as Exhibit 'A' and by this reference incorporated herein."

The prayer of both complaints asked for a judgment "foreclosing said contract" and the defendants' "interest in the real property" and that plaintiffs be put "into immediate possession of the real property." The original complaint neither contained a reference to the addendum that deleted the 60-acre parcel nor included the addendum asxan exhibit. The

---

[1] The amended complaint also excluded a portion that Smith deeded to Johnson.

amended complaint contained no reference to the addendum or any explanation of it, but it was attached to the amended complaint as Exhibit B.[2]

When plaintiffs filed the action, Grover retained attorney Ledridge to represent him. On June 2, 1982, Ledridge signed an acceptance of service of the summons and original complaint on behalf of both Marilyn and Grover. He later filed several motions, each of which recited that it was filed on behalf of both Marilyn and Grover. Ledridge resigned as attorney in September, 1982. Plaintiffs filed the amended complaint in November, 1982. On December 7, 1982, they moved for summary judgment. Attorney Gooding filed motions on behalf of both Marilyn and Grover. On January 18, 1983, the trial court granted partial summary judgment to plaintiffs on the issue of default. On March 1, 1983, the court granted plaintiffs an interlocutory judgment of foreclosure. It covered the entire 160-acre parcel. The judgment gave the Overbays 45 days to redeem the property. No one filed a notice of appeal from that judgment in 1983.

The record does not disclose that, at any time before the court entered the interlocutory judgment, anyone objected, by motion or otherwise, to the inclusion in the proceeding of the 60 acres that the addendum had deleted from the sale.

In May, 1983, Gooding resigned as attorney for Marilyn and Grover. On August 30, 1983, Grover, through attorney Bettis, moved to set aside the interlocutory judgment on the grounds of fraud, misrepresentation, mistake, inadvertence, surprise and excusable neglect. He challenged plaintiffs' right to foreclose on the 60 acres. His affidavit incorporated a copy of the November 17, 1979, deed from Smith to Grover and Marilyn. On August 30, 1983, Bettis filed an "answer" to plaintiffs' "complaint" on behalf of both Marilyn and Grover, which alleged affirmatively that "plaintiffs

---

[2] Before the court entered the interlocutory judgment of foreclosure, the addendum was also mentioned in plaintiffs' request for admissions filed August 4, 1982 (when plaintiffs asked Grover and Marilyn to admit that the contract was amended by the addendum which they had signed); when Ledridge filed an objection to that request (on the bases that there were no blank spaces between the questions and that copies of the contract and addendum had never been served on the Overbays); and when plaintiffs filed an amended request for admissions on September 2, 1982.

have no interest in some of the property which they seek to foreclose." In September, 1983, Grover conveyed his interest in the 60-acre parcel to Marilyn, and Bettis resigned as Grover's attorney. The court denied Grover's motion, and he did not appeal. On June 14, 1984, plaintiffs filed an ejectment action against the Overbays on the 60-acre parcel.[3]

On December 10, 1984, Bettis, as attorney for Marilyn, moved to set aside the interlocutory judgment. On February 21, 1985, while that motion was pending, the court entered a final judgment of foreclosure with respect to the entire 160 acres. On March 14, 1985, Marilyn filed a notice of appeal from both the interlocutory and final judgments. We dismissed that appeal, because it was not timely. She then asked that the trial court rule on her motion to set aside the interlocutory judgment or, in the alternative, hold an evidentiary hearing on the motion. The court denied the motion to set aside the interlocutory judgment and she now appeals that denial.

The first issue is whether we have jurisdiction to decide the appeal. In *Slipp v. Amato,* 231 Or 512, 373 P2d 673 (1962), the court held that an interlocutory judgment of foreclosure is a final judgment and appealable. In *Waybrant v. Bernstein,* 294 Or 650, 654, 661 P2d 931 (1983), the court stated that an order denying a motion to vacate an appealable judgment is appealable if the basis of the motion is that the judgment was entered as a result of the appellant's mistake, inadvertence, surprise or excusable neglect or is void, which are grounds for setting aside a judgment under ORCP 71B(1)(a) and (d).

■     Marilyn's motion to set aside the interlocutory judgment cited ORCP 71A, 71B and 71C. The motion included claims that the interlocutory judgment was entered because of mistake, inadvertence, surprise or excusable neglect, ORCP 71B(1)(a), fraud, misrepresentation or other misconduct of an adverse party, ORCP 71B(1)(c), and that the interlocutory judgment was void. ORCP 71B(1)(d). To the extent that the

---

[3] Defendants' appeal of the resulting ejectment judgment is before us in *Smith v. Overbay,* 85 Or App 599, 737 P2d 1250 (1987).

motion was based on ORCP 71B(1)(a) and (c), the order denying it is appealable under *Waybrant v. Bernstein, supra.* Nonetheless, the trial court properly denied the motion, because it was filed more than one year after entry of the interlocutory judgment.[4]

■ The motion, however, was also based in part on ORCP 71A:

> "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected under this section only with leave of the appellate court."[5]

*Waybrant v. Bernstein, supra,* did not address whether an order denying a motion to set aside a judgment on the basis of clerical mistake is appealable. Although the order denying Marilyn's motion is appealable, because it was based on grounds approved in *Waybrant,* we could not review a denial grounded on ORCP 71A if an appeal could not be taken from an order denying a motion made only under that rule.

We hold that an order denying a motion made only under ORCP 71A is appealable and, therefore, to the extent that the order being appealed denied Marilyn's motion that she made under ORCP 71A, it is reviewable. A motion under ORCP 71A to set aside a judgment on the basis of clerical error falls within the criteria for appealability established in *Waybrant v. Bernstein, supra,* where the court stated:

> "We note that in both instances, the essence of the claim is not so much the substantive correctness of the original offending decision, but rather the propriety of the court's refusal to vacate it. Thus, instead of the appellate court being confronted with a belated review of the merits, the court is being asked more narrowly to decide whether, on procedural

---

[4] ORCP 71B(1) states: "The motion shall be made within a reasonable time, and for reasons (a), (b) and (c), not more than one year after receipt of notice by the moving party of the judgment."

[5] In *Mullinax and Mullinax,* 292 Or 416, 424, 639 P2d 628 (1982), the court stated:

"The purpose of an amendment correcting a 'clerical error' is * * * 'to make the record speak the truth and conform it to what actually occurred.' *Hubbard v. Hubbard,* 213 Or 482, 487, 324 P2d 469 (1958)." (Footnote omitted.)

grounds, the appellant is entitled to have the prior decision set aside and the case reopened." 294 Or at 655.

No party contends that plaintiffs owned the 60 acres at the time of the interlocutory judgment or that Marilyn did not. Plaintiffs did not conceal that information. They attached the addendum to the amended complaint. The trial court made a clerical error when it entered the interlocutory judgment without deleting the 60 acres from its scope. The trial court's failure to grant Marilyn's motion is appealable.

■ On the merits, we hold that the trial court abused its discretion and, therefore, erred in refusing to grant Marilyn's motion to set aside the interlocutory judgment to correct a clerical error.[6] The final judgment of foreclosure should also be modified accordingly.

Reversed and remanded with instructions to modify the interlocutory and final judgments of foreclosure by deleting from the property foreclosed the property covered by the deed dated November 17, 1979, recorded November 26, 1979, as document number 88974, records of Union County.

---

[6] Because of our disposition, we do not reach defendant's contentions under ORCP 71C or that the interlocutory judgment is void for lack of personal or subject matter jurisdiction.