Argued and submitted March 20, reversed and remanded for further proceedings
July 22, 1987

CHOI,
*Respondent,*

*v.*

HURLEY et al,
*Defendants,*
*and*

HURLEY,
dba Jantzen Beach Coins & Stamps
and J. B. & Associates,
*Appellant.*

(A8409-05662; CA A40380)

739 P2d 1056

Ron D. Ferguson, Tualatin, argued the cause and filed the brief for appellant.

J. Rion Bourgeois, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff was granted summary judgment "against the defendants, and each of them" for $32,642.40 for failure to deliver silver purchased in 1982 and 1983. Defendant Richard Hurley (defendant) was not served with the summons and complaint until one week *after* entry of that judgment. He filed a motion for relief from the judgment pursuant to ORCP 71B(1)(a) and (d).[1] The trial court denied the motion, holding that there was jurisdiction over defendant, because "there was no genuine issue of material fact regarding the existence of the partnership[, and o]ne partner can authorize an appearance on behalf of another." Defendant appeals, and we reverse.

Defendant contends that the trial court did not have personal jurisdiction over him, because he was not served with the summons and complaint pursuant to ORCP 7D until after the judgment was entered against him, that the judgment against him was, therefore, void and that the court erred in denying him relief from it. Plaintiff asserts that the court had jurisdiction, contending that, as defendant's partner, Donald Hurley had authority to, and did, retain an attorney, Redden, to represent defendant or, alternatively, that defendant appeared through Redden and thereby waived the defense of lack of jurisdiction, pursuant to ORCP 6.

Addressing plaintiff's first contention, a partner, as an agent of the partnership, has the authority to retain an attorney to represent his partners on *partnership matters. See* ORS 68.210. That, however, does not mean that a partner has authority to retain an attorney to represent other partners as *individuals.* The comment of the Council on Court Procedures concerning ORCP 67E, which addresses the problem of enforceability of judgments against assets held by a partnership, states:

> "[ORCP] 67E(1) authorizes entry of a judgment against the entity which would bind the assets of the partnership * * *. If a partner * * * is individually liable under the substantive law, an action against such individual could be joined with the

---

[1] ORCP 71B(1) provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * * (d) the judgment is void * * *."

> action against the entity by naming the individual, as well as the entity, as a party and serving a separate summons and complaint directed to the individual. See ORCP 26B. A judgment could then be entered against the individual parties so joined and served, as well as a judgment against the entity. Individual partners * * * not so joined and served would not be subject to any individual judgment." Merrill, *Oregon Rules of Civil Procedure: 1986 Handbook* 187 (Butterworth 1986).

That Donald Hurley was a partner of defendant did not give him authority to retain an attorney to represent defendant individually, and the trial court erred in denying defendant relief from the judgment on the partnership authority issue.

■ ■    Plaintiff's second argument is that defendant appeared through an attorney and thereby waived the defense of lack of jurisdiction over him personally. Whether Redden was authorized to act as defendant's attorney is a question of fact. *See Financial Indemnity v. Howser,* 38 Or App 369, 373, 590 P2d 276 (1979). Although an attorney's appearance raises a presumption of authority, *Financial Indemnity v. Howser, supra,* that presumption may be rebutted by evidence that the attorney appeared without authority. ORS 9.340. Here, defendant's affidavit accompanying his motion for relief from judgment alleged that Redden had acted without authority to represent him. Redden and plaintiff's attorney also submitted affidavits. In his affidavit, Redden stated that he had never met or talked with defendant, that he had informed plaintiff's counsel that he had had no communication with defendant, that he had acted for defendant solely on instructions from Donald Hurley and that he had told the court, at the hearing on the motion for summary judgment, that he was uncertain whether he represented defendant.

The trial court denied defendant's motion, apparently after an unreported hearing. The record does not reveal that any finding was made concerning Redden's authority to act for defendant individually.[2] We therefore remand for a determination of whether Redden was authorized to act as attorney for defendant as an individual. If the court finds that

---

[2] The trial court did find that there is no genuine issue of material fact about the existence of the partnership and that Donald Hurley, as defendant's partner, authorized Redden to appear and represent defendant.

Redden was not authorized, the motion for relief must be granted; otherwise the judgment will stand.

Reversed and remanded for further proceedings not inconsistent with this opinion.