On appellants' motion for reconsideration filed June 12, and petition for reconsideration filed July 2, and on respondent's petition for reconsideration filed July 6, motion and petitions for reconsideration granted, opinion (85 Or App 576, 737 P2d 1251) modified and adhered to as modified September 30, reconsideration denied November 27, petition for review denied December 15, 1987 (304 Or 547)

JOHNSON et al,
*Respondents,*

*v.*

OVERBAY,
*Defendant,*
*and*

OVERBAY,
*Appellant.*

(27646; CA A37830)

743 P2d 181

Robert Harris, and Howe, Harris & Vigna, Portland, for appellant's motion and petition.

Joel S. DeVore, and Mautz, Hallman & DeVore, Pendleton for respondent's petition.

Before Buttler, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In our previous opinion, we stated that "[t]he dispute here concerns only the 60 acres that the addendum deleted." 85 Or App at 578. Defendant Marilyn Overbay's motion and petition for reconsideration assert that we should have addressed her contention that the interlocutory judgment of foreclosure is void, because the court lacked personal jurisdiction over her when it granted it. She asks for a reversal of the judgment or, alternatively, that the case be remanded to the trial court to conduct an evidentiary hearing on whether the attorneys who purportedly represented her had authority to do so. Plaintiffs also petition for reconsideration. We grant the motion and both petitions for reconsideration.

Marilyn's affidavit in support of her motion in the trial court to set aside the interlocutory judgment states:

"I was never served, either directly or by substitute service, with copy of the summons and complaint in the above-entitled case nor did I at any time authorize any attorney to accept service for me.

"At no time was I aware of the proceeding against me or any Decree of Foreclosure."

In another affidavit, Marilyn asserted that she was not aware of the existence of the interlocutory judgment until June, 1983, and she stated in her brief here that she did not understand until June, 1984, that it pertained to the disputed 60 acres. The record also contains Grover's affidavit, which states:

"I retained * * * Ledridge to represent me only. At no time was he hired to represent my wife nor did my wife hire him. * * * Ledridge never accepted service for Marilyn * * * nor was he authorized to."

Plaintiffs submitted an affidavit of their attorney in rebuttal.

Whether the attorneys who purported to act for Marilyn were authorized to do so, or whether she ratified those acts, are questions of fact. *See Choi v. Hurley,* 86 Or App 425, 739 P2d 1056 (1987); *Financial Indemnity v. Howser,* 38 Or App 369, 373, 590 P2d 276 (1979). An attorney's appearance raises a presumption of authority, *see Choi v. Hurley, supra; Financial Indemnity v. Howser, supra; see also Louth v. Woodward,* 114 Or 603, 608, 236 P2d 480 (1925), but it may be

rebutted by evidence that the attorney appeared without authority. *See* ORS 9.340.

The trial court's order that denied Marilyn's motion recites that the court "has heard arguments and considered memoranda of law submitted in this case" and "is fully advised." The record also contains a transcript of the court's response to arguments of counsel:

"Judge Wasley pretty well went into this thing when he decided it a long time ago and found that these people were all on notice.

"Now, what may or may not well be the case is that whether * * * is whether or not these people, these attorneys, actually represented Mrs. Overbay. But I think it is quite clear from everything I've read on this thing that, at least, she was sensibly [sic] represented by counsel. The counsel are all indicating that they represented her, so it is pretty clear to me that she was in court to her attorneys. Now, if they were operating without her authority then that's another matter. But, I think at this point to set aside a Judgment because of the allegations that have been made here would not be well considered because some place you have to stop these kinds of proceedings and I think that was the purpose of that Judgment.

"Now, like I say, if she wasn't represented by counsel, actually if they didn't have the authority to represent her that's another matter *but certainly the record would indicate that she was represented by counsel all the way through. So the Motion to Set Aside the Judgment will be denied.*" (Emphasis supplied.)

We interpret that statement as a finding that Marilyn was ostensibly represented by counsel throughout and that the evidence does not rebut the presumption of authority. We agree. The interlocutory judgment of foreclosure is not void as to Marilyn.

In our former opinion, we also stated that both "the original and amended complaints then set forth a metes and bounds description that described the entire 160 acres.[1]" The original complaint apparently did not describe the 60 acres. Our error, however, does not affect the remainder of our opinion. We modify our opinion to delete the quoted sentence and replace it with the following:

"The original and amended complaints then set forth metes and bounds descriptions. The original complaint did

not, but the amended complaint did, include the 60 acre parcel, and the amended complaint, therefore, described the entire 160 acres." (Footnote omitted.)

Motion and petitions for reconsideration granted; opinion modified and adhered to as modified.