Argued and submitted December 5, 1988, affirmed June 21, reconsideration allowed; former opinion modified and adhered to as modified August 30, 1989
See 98 Or App 148, 778 P2d 981 (1989)

OVERBAY,
*Appellant,*

*v.*

LEDRIDGE et al,
*Defendants,*

*and*

SMITH et al,
*Respondents.*

(85-5-29884; CA A48512)

776 P2d 29

Robert H. Harris, Portland, argued the cause for appellant. With him on the briefs was Howe, Harris & Vigna, Portland.

No appearance for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

**1, 2.** Plaintiff appeals a judgment dismissing her claims against defendants Smith and Johnson (defendants)[1] for fraud and intentional infliction of emotional distress. She assigns as error that the court granted defendants' motions to dismiss the claims on the ground that, in each instance, plaintiff had failed to allege ultimate facts sufficient to constitute a claim. ORCP 21A(8). We affirm.

In an earlier action, defendants had brought a real estate contract foreclosure action against plaintiff and her husband. The facts are recited in *Johnson v. Overbay,* 85 Or App 576, 737 P2d 1251, *modified,* 87 Or App 540, 743 P2d 181, *rev den* 304 Or 547 (1987); *see also Smith v. Overbay,* 85 Or App 599, 737 P2d 1250, *rev den* 304 Or 547 (1987). We held in *Johnson v. Overbay, supra,* that the trial court made a clerical error in the foreclosure action when it entered an interlocutory judgment of foreclosure that included 60 acres that the defendants had already released from the contract and conveyed to the plaintiffs.

We take as true the allegations of the complaint and any facts that might be adduced as proof of those allegations. *Ivy v. Transamerica Title Insurance Co.,* 90 Or App 511, 513, 752 P2d 1269, *rev den* 306 Or 195 (1988). To plead a fraud claim, a plaintiff must allege ultimate facts by which she can prove:

> "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Webb v. Clark,* 274 Or 387, 391, 546 P2d 1078 (1976). (Citations omitted.)

Plaintiff alleges: she and her husband purchased real

---

[1] We refer to defendants Smith and Johnson as "defendants," although plaintiff originally brought this action against defendants, their attorney and three of her own attorneys. Plaintiff's attorneys are not respondents in this appeal. Plaintiff had also appealed a judgment in favor of defendants' attorney, Riedlinger. He settled with plaintiff after she brought this appeal, and we dismissed the appeal as to Riedlinger. Accordingly, we do not discuss plaintiff's assignments of error as they relate to him.

property (Parcel A) on a contract from defendant Smith; subsequently defendants released 60 acres (Parcel B), a portion of Parcel A, and conveyed Parcel B to plaintiff and her husband;[2] in February, 1983, after defendants obtained an order for summary judgment in the foreclosure action, they submitted an interlocutory judgment[3] to the court that described Parcel A without excepting Parcel B; defendants "included Parcel B in the [interlocutory judgment] intentionally to convert Parcel B from plaintiff;" she had no knowledge of the foreclosure until June, 1983; she had no knowledge that the interlocutory judgment included Parcel B until June, 1984, when defendants sued to eject plaintiff from Parcel B and obtained a judgment of ejectment on the basis of the foreclosure judgment; after her successful appeals to us, and our remands, the court below modified the interlocutory and final foreclosure judgments by deleting Parcel B and dismissed the companion ejectment action; and

"[w]hen defendants submitted and obtained the decree in the contract foreclosure * * * they knew that they did not have the right to include Parcel B in the legal description of the decree. They also knew that the representation they were making to [plaintiff's attorneys] and the court concerning the correct legal description to be used in the decree was false.

"Defendants knew that the said false representation was of material importance to plaintiff and said defendants intended that plaintiff and the court would rely on same and plaintiff did so rely.

"The actions of defendants were either done for the purpose of misleading plaintiff, with knowledge they were misleading plaintiff, or in reckless disregard that they were misleading plaintiff."

Plaintiff also alleges general and punitive damages of $100,000.

Plaintiff need not plead that she had a right to rely; that is a conclusion of law. *See Mountain Fir Lbr. Co. v. EBI Co.,* 296 Or 639, 646, 679 P2d 296 (1984). She must, however, allege facts from which a reasonable person could conclude that she had that right, and she did not do so, even assuming

---

[2] Plaintiff also alleges that her husband conveyed his interest in Parcel B to her.

[3] In her complaint, plaintiff refers to the "decree of foreclosure." We refer to it as the "interlocutory judgment."

that she pleaded the other elements of fraud. She argues that she pleaded facts from which the court could reasonably conclude that she had a right to rely on defendants and their attorneys to include the correct legal description in the judgment that they submitted to the court. She asserts that defendants should not be allowed to claim otherwise, because the law "is intended as a protection to even the foolishly credulous, as against the machinations of the designedly wicked." *Johnson et ux v. Cofer,* 204 Or 142, 150, 281 P2d 981 (1955), *quoting* 23 Am Jur 948, "Fraud and Deceit," § 146; *see also Hansen v. Western Home Ins. Co.,* 89 Or App 68, 747 P2d 1007, *rev den* 305 Or 576 (1988).[4]

In *Johnson et ux v. Cofer, supra,* the court stated that, generally speaking, "the right to rely on representations presents the question of the duty of the party to whom the representations have been made to use diligence in respect to those representations." 204 Or at 150. In *Coy v. Starling,* 53 Or App 76, 80, 630 P2d 1323, *rev den* 291 Or 662 (1981), we ruled that a purchaser of property has a duty "to use some measure of protection and precaution to safeguard [her] interests" when the parties dealt at arm's length. Here, plaintiff and defendants were adversaries in a foreclosure action. Plaintiff alleges no facts that permit a reasonable inference that the relationship between her and defendants was not as strangers dealing at arm's length. Furthermore, she alleges no facts that permit a reasonable inference that she had a right to rely on her opponents to include a correct description in the form of interlocutory judgment that they submitted to the court. Accordingly, the court did not err when it granted defendants' motion to dismiss the fraud claim.

In her claim for intentional infliction of emotional distress, plaintiff realleges the allegations of her fraud claim and alleges:

> "[Defendants'] insertion of the legal description for parcel B in the decree in the contract foreclosure was done intentionally and/or recklessly and constituted extreme and outrageous conduct.

---

[4] In *Hansen v. Western Home Ins. Co., supra,* we held that an insured had the right to rely on a representation of the insurer's authorized agent. The parties were not on an equal footing and were not strangers dealing at arm's length. 89 Or App at 74.

"As a direct and proximate result of said defendants' conduct, plaintiff has suffered a severe stress problem. Also, plaintiff has suffered shock and physical and mental anguish at the possible loss of her homestead. She was in a continued state of anxiety regarding the status of her land and whether or not she would be required to move at any given time until the appellate decision became final. She was not able to sleep and has suffered severe emotional trauma. By reason of the foregoing, plaintiff has suffered general damages.

"As a direct and proximate result of said defendants' conduct, plaintiff has been required to incur medical treatment for which she has sustained medical bills and prescription drug expenses in the approximate sum of $2,000, the exact amount to be proved at trial, to plaintiff's special damage."

An element of plaintiff's action is defendants' intent. *See Hall v. The May Dept. Stores,* 292 Or 131, 135, 637 P2d 126 (1981). Plaintiff had to allege that defendants intended to inflict mental or emotional distress on plaintiff; gross negligence, lack of foresight or indifference to plaintiff's distress is not enough. 292 Or at 135. Here, plaintiff alleges that defendants intentionally inserted an erroneous legal description in the interlocutory judgment that they submitted to the court, but she does not allege that, in so doing, they intended to inflict mental or emotional distress on her.[5] Accordingly, the court did not err when it dismissed that claim.[6]

Affirmed.

---

[5] A plaintiff may allege a claim for intentional infliction of emotional distress by pleading the defendant's intent to do the act with knowledge that it will cause grave distress, provided that the plaintiff also alleges that the defendant's position in relation to the plaintiff involves some responsibility "aside from the tort itself." *See Hall v. The May Dept. Stores, supra,* 292 Or at 135, *citing Rockhill v. Pollard,* 259 Or 54, 485 P2d 28 (1971), a case in which a physician turned away accident victims seeking his help. Here, plaintiff does not allege facts to show that defendants occupy any position of responsibility to her "aside from the tort itself."

[6] Because plaintiff's complaint fails to state claims, we do not address her assignment of error that the court erred when it denied her motion to compel discovery.