On appellant's petition for reconsideration filed July 20, reconsideration allowed, former opinion (97 Or App 292, 776 P2d 29) modified and adhered to as modified August 30, petition for review denied December 28, 1989 (308 Or 660)

OVERBAY,
*Appellant,*

*v.*

LEDRIDGE et al,
*Defendants,*

*and*

SMITH et al,
*Respondents.*

(85-5-29884; CA A48512)

778 P2d 981

Robert H. Harris, and Howe, Harris & Vigna, Portland, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

In our former opinion, *Overbay v. Ledridge,* 97 Or App 292, 776 P2d 29 (1989), we held that the court did not err when it dismissed plaintiff's claims for fraud and intentional infliction of emotional distress. ORCP 21A(8). As to the latter claim, we held that plaintiff had failed to allege that defendants had the requisite intent. Our opinion quoted allegations of plaintiff's complaint:

> " '[Defendants'] insertion of the legal description for parcel B in the decree in the contract foreclosure was done intentionally and/or recklessly and constituted extreme and outrageous conduct.
>
> " 'As a direct and proximate result of said defendants' conduct, plaintiff has suffered a severe stress problem. Also, plaintiff suffered shock and physical and mental anguish at the possible loss of her homestead. She was in a continued state of anxiety regarding the status of her land and whether or not she would be required to move at any given time until the appellate decision became final. She was not able to sleep and has suffered severe emotional trauma. By reason of the foregoing, plaintiff has suffered general damage.
>
> " 'As a direct and proximate result of said defendants' conduct, plaintiff has been required to incur medical treatment for which she has sustained medical bills and prescription drug expenses in the approximate sum of $2,000, the exact amount to be proved at trial, to plaintiff's special damage.' " 97 Or App at 296.

The petition for review, which we treat as a petition for reconsideration, ORAP 10.05, points out that the parties modified those allegations by stipulation to delete the "and/or recklessly and constituted extreme and outrageous conduct" language in the first paragraph quoted above and to substitute therefor the language: "to cause plaintiff severe emotional distress."

Accordingly, we modify our opinion to correct the quotation from plaintiff's complaint in accordance with the stipulation, to delete the portion of our opinion that follows the quotation and to replace that portion with this:

> "Plaintiff's allegations do not allege conduct that supports a claim for intentional infliction of emotional distress. The conduct that plaintiff alleges is defendant's insertion of a legal description in the foreclosure judgment in the course of a

lawsuit. As a matter of law, plaintiff's allegations do not show that defendants committed 'some extraordinary transgression of the bounds of socially tolerable conduct.' *Hall v. The May Dept. Stores,* 292 Or 131 135, 637 P2d 854 (1986). *See also Erlandson v. Pullen,* 45 Or App 467, 472, 608 P2d 1169 (1980), in which we stated:

> " '[I]t would be a rare case in which the bringing of a lawsuit would fit the definition of outrageous conduct. This tort has been reserved for "intentional acts of a flagrant character under most unusual facts and circumstances * * *." [Citation omitted.] The bringing of the lawsuit as alleged is not such a case.'

"The court did not err when it dismissed the claim for intentional infliction of emotional distress.[5]

"Affirmed.

---

"[5] Because plaintiff's complaint fails to state claims, we do not address her additional assignment that the court erred when it denied her motion to compel discovery."

Reconsideration allowed; former opinion modified and adhered to as modified.