Submitted on record and appellant's brief April 6, 2001, reversed May 8, 2002

# Philip W. McCLURE,
*Appellant,*

*v.*

# Philip M. LEBENBAUM,
*Respondent.*

## 9506-04014; A110667

45 P3d 1038

Philip W. McClure filed the brief *pro se*.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

Armstrong, J., dissenting.

## EDMONDS, P. J.

Plaintiff appeals from a supplemental money judgment in the amount of $118 in favor of the State of Oregon. The judgment represents the amount of filing fees that the trial court deferred when plaintiff filed his action for civil damages against defendant. Plaintiff makes two assignments of error, including that "the Multnomah County Circuit Court abused its discretion when it failed to abide by procedural rules in effect before and during its process in reaching the May 19, 2000, supplemental judgment." Because we conclude that the above assignment of error is dispositive, we reverse.

In 1995, plaintiff petitioned the circuit court for deferral or waiver of his filing fees. In that petition, he stated:

> "Plaintiff understands that the court may, at the conclusion of the proceedings, make a determination of plaintiff's ability to pay all or any portion of the costs applicable to this action. If the court determines that plaintiff is able to pay, the court may order plaintiff to pay all or part of such costs."

At the bottom of the petition is a form for an order. The form reads:

> "This matter having come before the court upon the petition of plaintiff for deferral/waiver of the filing fees and the court being fully advised in the premises;
>
> "It is now, therefore, the order of the court that the filing fees in the above-entitled action are
>
> "[  ] Deferred  [  ] Waived until further order of this court."

The box for "Deferred" is marked with an "X" and the order is signed by a circuit court judge.

In November 1995, the trial court entered a judgment dismissing plaintiff's complaint. The judgment of dismissal is silent about any requirement to pay the deferred filing fees. Then, in May 2000, the trial court entered the money judgment for $118 from which plaintiff appeals. There is no evidence in the record that the court ever notified plaintiff of its intention to enter the judgment or that it held a

hearing in open court or otherwise before it entered the May 2000 judgment. The money judgment reads:

> "It appearing to the court that fees and court costs in this matter were deferred pursuant to Motion, Affidavit, and Order on file in this case in favor of [plaintiff];

> "Further, notice was provided to [plaintiff] at the time such fees and court costs were deferred that the unpaid balance was due *according to the terms of such agreement*, and that failure to comply with the terms of the agreement would result in the obligation being assigned to the Oregon Department of Revenue for collection, and that a judgment would be entered against the applicant in favor of the State of Oregon pursuant to ORS 21.605(1)(c);

> "It further appearing that [plaintiff] has failed, refused, or neglected to comply with the terms of the agreement, therefore,

> "It is hereby adjudged that the following money judgment shall be entered[.]" (Emphasis added.)

**1.** The threshold issue is whether the judgment for $118 in favor of the State of Oregon is an appealable judgment over which we have jurisdiction. ORS 19.205(3) provides:

> "No appeal to the Court of Appeals shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250."

Jurisdiction turns on whether "the pleadings" in this case are (1) the complaint filed by plaintiff which sought $100,000 in damages or, instead, (2) plaintiff's petition for the waiver of fees, which would not place more than $250 into controversy. For purposes of ORS 19.205(3), ORCP 13 defines the word "pleadings" in civil cases. ORCP 13 A states that "[t]he pleadings are the written statements by the parties of the facts constituting their respective claims and defenses." ORCP 13 B provides that the pleadings that are allowed under the Oregon Rules of Civil Procedure (ORCP) are the following: a complaint, a third-party complaint, an answer, a counterclaim, a cross-claim and a reply. ORCP 13 B concludes that "[t]here shall be no other pleading unless the court orders otherwise." It follows that the only pleading in this case was

plaintiff's complaint, which sought damages in excess of the $250 limit imposed by ORS 19.205(3). As a result, we conclude that we have jurisdiction over plaintiff's appeal.

The next question is whether the trial court was authorized to enter the supplemental money judgment for the deferred filing fees under the circumstances of this case. ORS 21.605(1)(a) authorizes the waiver or deferral of fees and court costs payable by a party to a civil action, in whole or in part, if the court "finds that the party is unable to pay all or part of the costs." ORS 21.605(1)(c) provides, in relevant part:

> "In the judgment or other final written disposition of the action or proceeding the court shall note the dollar amount of the fees and costs not waived and then unpaid and that amount shall be a judgment in favor of the public body to which the fees and costs are owed."

When read together, ORS 21.605(1)(a) and ORS 21.605(1)(c) authorize either a waiver or a deferral of the payment of court costs by a litigant. They also allow a court to waive part of the court costs and defer the remainder. In this case, at the time that plaintiff filed his petition to waive or defer fees, the trial court elected to order deferral of the court costs until the entry of a final judgment pursuant to ORS 21.605(1)(c). However, the final judgment that the court entered in November 1995 dismissing plaintiff's action did not comply with the mandate of ORS 21.605(1)(c) to enter a judgment for the deferred filing fees.

■ The court later sought to fulfill its duty under ORS 21.605(1)(c) by entering judgment against plaintiff in May 2000 for the amount of the filing fees. However, ORS 21.605(1)(c) requires that the judgment for deferred fees be entered as part of the "final written disposition of the action." The May 2000 judgment is not the final disposition of the action. That event occurred in November 1995, and that judgment was fully effective, even without the inclusion of the deferred fees. ORS 21.605(1)(c). Consequently, ORS 21.605(1)(c) did not provide the court with authority to enter a judgment for deferred court costs in May 2000.

Moreover, ORS 21.605(1)(a) contemplates a waiver or deferral of *part or all* of the fees, or both. The court's initial order deferred all of the fees under section (1)(a). Had it held a hearing before final judgment was entered in November 1995 under ORS 21.605(1)(c), it could have elected to waive all or part of the fees at that time and enter judgment for any amount it did not order waived. There is no suggestion in the record before us that the court held such a hearing or made a decision under the statute at the time the statute requires. Plaintiff's argument that the trial court abused its discretion by failing to abide by the procedural rules that protect a party against being adjudicated a judgment debtor without notice is therefore well taken. In sum, the procedure authorized under ORS 21.605(1)(c) did not authorize entry of judgment for court costs in May 2000 because the final judgment had been entered in the case in 1995.[1]

The dissent reasons that ORCP 71 A provides the authority for the trial court to enter the supplemental judgment for court costs in May 2000. ORCP 71 A provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected as provided in subsection (2) of section B of this rule."

The persuasiveness of the dissent's argument turns on whether the trial court's failure to enter judgment for the court costs in 1995 can be properly characterized as a "clerical" mistake under ORCP 71 A.

■ The short answer to the dissent's argument is that the entry of a money judgment against plaintiff under the circumstances of this case is not the kind of "clerical mistake"

---

[1] Although the language of ORS 21.605(1)(c) is mandatory, it does not follow that the court has no discretion under the statute regarding the entry of judgment for court costs. When the statute is read with ORS 21.605(1)(a), which allows the court, at the beginning of the case, to "waive in whole or in part, defer in whole or in part, or both," the combined effect of the statutes is to authorize both the deferral and the waiver of court costs, either in whole or in part, both upon the filing of the action and upon final judgment.

that ORCP 71 A contemplates correcting. Based on the rule's text and context, a "clerical" mistake is the kind of mistake in a judgment that causes the judgment, through oversight or omission, not to reflect what occurred in the proceeding that led to the judgment. The antithesis occurred in this case. When the court marked an "X" on the order form in 1995 deferring the filing fees, it adopted the language in the petition, that, "[i]*f the court determines that plaintiff is able to pay*, the court *may* order plaintiff to pay all or part of such costs." (Emphasis added.) The order, patterned after the language of ORS 21.605(1)(a), unambiguously does not impose an obligation to pay all or part of the filing fees at the time of entry of final judgment. Rather, it reserves the authority of the court to waive all or part of the fees at the time of entry of final judgment. No clerk can adjudicate whether a party has an ability to pay part or all of the court costs at the time of entry of final judgment, or decide what amount, if any, should be awarded as a final judgment for the court costs. Only a judge can make those kinds of determinations, and therefore the nature of the omission in the 1995 judgment suggests that it cannot be subsequently remedied by the clerk or the court under ORCP 71 A on the basis that it is a mere clerical mistake.

■     The case law underlying ORCP 71 A confirms the understanding that the rule is intended to provide a remedy only in those cases where the corrected judgment is entered to conform the judgment to what *actually occurred* in the original action. *Johnson v. Overbay*, 85 Or App 576, 581 & n 5, 737 P2d 1251, *mod on recons* 87 Or App 540, 743 P2d 181,*rev den* 304 Or 547 (1987); *see also Mullinax and Mullinax*, 292 Or 416, 424, 639 P2d 628 (1982) ("The purpose of an amendment correcting a 'clerical error' is * * * to make the record speak the truth and conform it to what actually occurred."). In this case, the necessary element for an authorized correction under ORCP 71 A—evidence in the record that the trial court intended in 1995 to enter a judgment against plaintiff for *all of* the costs of filing his action—is missing. Consequently, we conclude that the trial court was

without authority to enter the judgment for filing fees in the manner that it did.[2]

Reversed.

**ARMSTRONG, J.,** dissenting.

The majority concludes that the trial court abused its discretion by entering a supplemental judgment against plaintiff in favor of the state for the filing fees that were deferred when plaintiff filed his complaint in a civil action. The majority is wrong. The court acted within its authority when it entered the supplemental judgment, and, hence, it did not abuse its discretion in doing so.

Plaintiff filed a malpractice complaint against defendant in June 1995. In conjunction with the filing, plaintiff petitioned the court to waive or defer the applicable filing fees. *See* ORS 21.605. The court granted the petition and entered an order that deferred rather than waived the fees. The court ultimately entered a judgment in November 1995 that dismissed plaintiff's complaint, and we dismissed plaintiff's appeal from that judgment in 1997. In May 2000, the court entered the supplemental money judgment for the deferred filing fees from which plaintiff appeals.

ORS 21.605(1)(c) governs the manner in which deferred filing fees are to be addressed in every judgment that disposes of an action or proceeding in which filing fees have been deferred. It provides:

"In the judgment or other final written disposition of the action or proceeding the court shall note the dollar amount of the fees and costs not waived and then unpaid, and that

---

[2] If ORCP 71 A is interpreted to allow an amendment to the order to award fees in this case, the rule would have to be applied in such a way as to give notice to plaintiff in order to comply with due process requirements. The imposition of a money judgment against him affects a substantive right. Here, there was no notice to plaintiff that the court intended to enter judgment against him and no hearing was held. Plaintiff was entitled to rely on the assertion in his petition, and the language in the court's order, that the court would make a determination of his ability to pay before imposing a judgment for fees against him, and that determination never occurred. *See Bacote v. Johnson*, 333 Or 28, 35 P3d 1019 (2001) (holding that a court must afford the opportunity to be heard before entering judgment for attorney fees after the initial deferral of fees).

amount shall be a judgment in favor of the public body to which the fees and costs are owed. Failure of the court to perform the duty imposed by this paragraph does not otherwise affect the validity of the judgment or other final written disposition."

The judgment that the court entered in November 1995 dismissing plaintiff's action did not comply with ORS 21.605(1)(c). The supplemental judgment that the court entered in May 2000 corrected that error. The issue is whether the error that the court corrected was a clerical error. If it was, then it was subject to correction under ORCP 71 A, which provides that

"[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders."

(Emphasis added.) I believe that the error at issue was a clerical error, so the court had authority to correct it at any time, as it did.

The Supreme Court explained the distinction between clerical and judicial errors this way:

" '[C]lerical' is employed in a broad sense as contradistinguished from 'judicial' error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge.' "

Hubbard v. Hubbard, 213 Or 482, 487-88, 324 P2d 469 (1958) (quoting Freeman, 1 Judgments § 146, at 284 (5th ed 1925)). The duty imposed on courts by ORS 21.605(1)(c) is a clerical duty. It does not call for the exercise of a judicial function, that is, it does not require courts to engage in judicial reasoning or decision making. It requires them to perform what is fairly described as a ministerial function. Consequently, the court acted within its authority under ORCP 71 A when it

entered the supplemental judgment to correct the error in the judgment that dismissed plaintiff's action.[1]

The majority raises a number of objections to the application of ORCP 71 A to this proceeding, none of which is well taken. First, it contends that ORS 21.605(1)(c) did not give the court authority to enter the May 2000 judgment against plaintiff for the deferred filing fees, because the statute requires the filing fee award to be included in the final judgment in the action, which, in this case, was entered in November 1995. Because the statute required the filing fee award to be included in the final judgment, it did not authorize the court to include the award in any other judgment in the case, including the May 2000 judgment. 181 Or App at 272.

The flaw in that reasoning is that it ignores the effect of ORCP 71 A, which provides authority for courts to correct clerical errors in judgments. If ORS 21.605(1)(c) required the court to include the deferred filing fees in the final judgment, and the court's failure to include the fees in the November 1995 judgment constituted a clerical error, then ORCP 71 A authorized the court to correct that error by entering a judgment for the fees.

The majority next contends that ORCP 71 A gives courts authority to correct only those errors that represent a failure to include in a judgment the relief that a court, in fact, decided to award. Here, there is no basis on which to find that the trial court decided to include the deferred filing fees in the final judgment in the case but failed to incorporate that decision in the November 1995 judgment. Consequently, in the majority's view, the trial court could not use ORCP 71 A

---

[1] ORCP 71 A appears to give courts complete discretion over the notice that must be given to parties before courts correct clerical errors in judgments. It provides that a correction can be made "after such notice to all parties who have appeared [in the action], *if any,* as the court orders." ORCP 71 A (emphasis added). The clause "if any" in that sentence refers to the notice to be given, not to the parties who have appeared in the action, *compare* ORCP 71 A *with* FRCP 60(a), which means that the rule gives courts discretion to decide whether to give parties notice of a clerical correction before the court makes it. Plaintiff has not argued that the state or federal constitution required the court to give the parties notice before it entered the supplemental judgment.

to enter a judgment in May 2000 for the deferred filing fees, because that judgment is not based on a decision to award those fees that predates the November 1995 judgment that erroneously failed to include the deferred filing fees. 181 Or App at 274-75.[2]

The majority is correct that ORCP 71 A cannot be used by a court to correct a judgment in order to adjudicate an issue that the court failed to adjudicate before it entered the judgment that it seeks to correct. The cases cited by the majority support that principle. *See* 181 Or App at 274-75. However, the principle applies *only* to issues that require *adjudication*, that is, to issues that require resolution through an exercise of the judicial function. Entry of the amount of the deferred filing fees in the final judgment in this case, as required by ORS 21.605(1)(c), did not involve an exercise of the judicial function. It required the court to perform a clerical function by entering the amount of deferred and unpaid filing fees as reflected in the court's record. As *Hubbard* makes clear, the distinction between clerical and judicial acts is based on the nature of the act rather than on the official who performs it. *See Hubbard*, 213 Or at 487-88. The legislature could have assigned the task of entering the amount of deferred and unpaid filing fees in final judgments to court clerks rather than to courts without changing the character of the task. The task is a clerical one no matter to whom it is assigned. Because the entry of the deferred and unpaid filing fees in the final judgment in this case did not involve an exercise of the judicial function, the court did not have to make a decision about the filing fees before it entered the November 1995 judgment in order for ORCP 71 A to provide authority for the court to enter the May 2000 judgment for those fees.

A review of the authorities that have applied the federal rule on which ORCP 71 A is based, Rule 60(a) of the Federal Rules of Civil Procedure, confirms that my understanding of ORCP 71 A is correct. In their analysis of Rule 60(a), both Moore and Wright, Miller, and Kane make clear that courts cannot use the rule to make awards on issues that the

---

[2] The principle on which the majority relies is equivalent to the principle that applies to the reformation of contracts. A court can reform a written contract only to make the contract accurately reflect the actual antecedent agreement of the parties. *See, e.g., Jensen v. Miller*, 280 Or 225, 228, 570 P2d 375 (1977).

courts have not previously addressed. Moore uses prejudgment interest to illustrate the point:

"There are many cases dealing with the situation of a court's failure to award prejudgment interest. When there is no indication in the record that the issue of prejudgment interest was discussed or that the court intended to award it to a successful plaintiff, the omission of prejudgment interest in the judgment may not be 'corrected' under Rule 60(a)."

James Wm. Moore, 12 *Moore's Federal Practice* § 60.11[2][b], at 60-36 (3d ed 1997) (footnote omitted). Wright, Miller, and Kane make the same point this way:

"Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced."

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2854, at 241 (2d ed 1995) (footnote omitted). In that respect, the federal cases are consistent with the Oregon cases that the majority cites as support for its position on the use of ORCP 71 A. *See* 181 Or App at 274 (citing *Mullinax and Mullinax*, 292 Or 416, 424, 639 P2d 628 (1982), and *Johnson v. Overbay*, 85 Or App 576, 581 & n 5, 737 P2d 1251, *mod on recons* 87 Or App 540, 743 P2d 181, *rev den* 304 Or 547 (1987)).

Significantly, however, both Moore and Wright, Miller, and Kane confirm that the federal rule *can* be used to make an award that was *not* previously made and omitted from a judgment, *if* the award involves a clerical rather than a judicial task. As Moore explains:

"There are, however, times when the law itself establishes that an omission is an indisputably clerical mistake. If, for example, a statute *requires* the *clerk* to add prejudgment interest from the time of the verdict to the time that the judgment is entered, there is a mandatory, clerical duty to add that interest. If the clerk omits this interest in the judgment, the intent of the court is irrelevant, and the omission may be remedied under Rule 60(a). However, if a statute merely provides that a prevailing party is entitled to an award of prejudgment interest, and does not provide

> for the clerk to automatically enter the amount, an omission of prejudgment interest in the judgment may be either inadvertent clerical error or a substantive legal error that may not be remedied under Rule 60(a). The record will have to be examined to determine the court's intent at the time of the judgment."

*Moore's Federal Practice* § 60.11[2][a] at 60-37 (emphasis in original; footnotes omitted). Wright, Miller, and Kane make the same point:

> "[A] judgment may be corrected by including interest if this is a matter of right but not if allowing interest is discretionary."

*Federal Practice and Procedure* § 2854 at 245-46 (footnotes omitted).

ORS 21.605(1)(c) imposes a mandatory duty on courts to enter the amount of the deferred and unpaid filing fees in the judgment in every case in which filing fees have been deferred. *See* ORS 21.605(1)(c).[3] That mandatory obligation is equivalent to the mandatory obligation to award interest that Moore and Wright, Miller, and Kane identify as a requirement that *can* lead to a clerical correction under Rule 60(a), even though the issue was not considered or addressed by the court before it entered its original judgment. Further, *Hubbard* makes clear that a clerical error depends on the nature of the task rather than on the official who performs it. *See Hubbard*, 213 Or at 487-88. Consequently, and consistently with the cases that have involved clerical corrections under ORCP 71 A *and* FRCP 60(a), the trial court had authority to enter the May 2000 judgment against plaintiff for the deferred and unpaid filing fees in this case, even though the court had overlooked its mandatory obligation to include that award in the November 1995 judgment.

Finally, the majority contends that the petition and deferral order in this case, as well as the Fourteenth Amendment's requirement to afford litigants due process, required

---

[3] The statute says that the court "shall note the dollar amount of the fees and costs not waived and then unpaid," and it specifically describes that obligation as a "duty."

the court to give plaintiff notice and an opportunity to be heard before the court entered the May 2000 judgment, which the court did not do. 181 Or App at 274-75 & n 2. The majority is wrong on both points.

On the first point, the majority misunderstands the deferral order. The majority contends that the order adopted the language in plaintiff's petition, 181 Or App at 273-74, which recited that plaintiff understood

"that the court may, at conclusion of the proceedings, make a determination of plaintiff's ability to pay all or any portion of the costs applicable to this action. If the court determines that plaintiff is able to pay, the court may order plaintiff to pay all or part of such costs."

The majority is wrong. The order that granted the petition and deferred the payment of the filing fees said nothing about the procedure that the court would or had to follow to address plaintiff's liability for the fees. It simply stated that the fees were deferred until further order of the court. For plaintiff's recited understanding to have any legal effect, the order had to expressly include that understanding in its operative language.[4] The order did not do that. Consequently, ORS 21.605(1)(c), not plaintiff's understanding, governed how the court was required to address the deferred filing fees in this case, which means that the court was required to enter them in the final judgment.[5]

---

[4] In other words, the court had no obligation to disabuse plaintiff of any misunderstanding that he might have about the way in which the court was required to handle the filing fees after it had acted on plaintiff's petition to waive or defer them. It would be remarkable, indeed, to require a court to do that. Parties can convey to a court their assumptions about what the court will do, but it is the court's actions, embodied in its orders, that determines what the court will or must do, subject to any overriding legal principles that govern its actions.

[5] The majority contends that the court's decision to defer the payment of the filing fees meant that the court would have to make a later determination about plaintiff's ability to pay the deferred fees before the court could order plaintiff to pay them. The majority says:

"The order, patterned after the language of ORS 21.605(1)(a), unambiguously does not impose an obligation to pay all or part of the filing fees at the time of entry of final judgment."

181 Or App at 274. The majority misapprehends what the deferral order did. The obligation to pay the fees is imposed by statute. *See* ORS 21.110. Hence, plaintiff had an unconditional obligation to pay the fees when he filed his complaint. The order that deferred the payment of the fees simply postponed the legally required payment. The order did *not* relieve plaintiff from his *preexisting* obligation to pay

With regard to due process, the Fourteenth Amendment did not require the court to give plaintiff notice and an opportunity to be heard before the court fulfilled its obligation under ORS 21.605(1)(c) to enter the amount of the deferred and unpaid filing fees in the final judgment in this case. When the court granted defendant's motion to dismiss plaintiff's complaint with prejudice, the court had authority to enter a judgment in accordance with that ruling without submitting the judgment to the parties before entering it. *Cf.* ORCP 70 C; UTCR 5.100 (by implication). ORS 21.605(1)(c), in turn, required the court to enter in the judgment the amount of the deferred and unpaid filing fees. Given the nature of that obligation, the Fourteenth Amendment did not require the court to tell plaintiff before entering the judgment that it would include the deferred and unpaid filing fees in it. Consequently, the court did not violate the Fourteenth Amendment by entering the May 2000 judgment without giving plaintiff notice and an opportunity to be heard *before* the court entered the judgment.[6]

In summary, the trial court acted in accordance with the law when it entered the May 2000 judgment and therefore did not abuse its discretion by entering the judgment. The majority errs by concluding otherwise.

---

the fees. ORS 21.605(1)(c) applies to that obligation and requires the court to enter the amount of the deferred and unpaid fees in the final judgment in the action, thereby giving the entity to which the fees are owed a judgment for those fees. It was not necessary for the deferral order to do anything more than it did to make the deferred fees an obligation that plaintiff was required to pay and that ORS 21.605(1)(c) required the court to enter in the judgment. In fact, in light of ORS 21.605(1)(c), it was *plaintiff* who was required to raise anew the issue of his ability to pay the deferred fees before the court entered the judgment in the case, because the deferral order and ORS 21.605(1)(c) otherwise would lead automatically to entry of a judgment for the fees.

Thus, the deferral order did not require the court to conduct a hearing to determine plaintiff's ability to pay the deferred filing fees before the court acted under ORS 21.605(1)(c) to enter a judgment against plaintiff for those fees. In effect, the decision to defer rather than to waive fees constituted a decision by the court that plaintiff could pay the fees. If the court had a contrary view when it granted plaintiff's petition to waive or defer the filing fees, it would have waived the fees in whole or in part when it ruled on the petition.

[6] It is important to stress that the issue here concerns whether due process required the court to give plaintiff notice and an opportunity to be heard *before* the court fulfilled its mandatory duty under ORS 21.605(1)(c) to enter a judgment for the deferred and unpaid filing fees. There was no constitutional obligation to give such notice. If the court erred in entering the amount of the deferred fees, that error could be corrected, consistently with due process, through a postjudgment motion by plaintiff under ORCP 71 A or B, which plaintiff did not make.